JACK DOCA, Respondent, v. FEDERAL STEVEDORING Co., INC., Appellant.— In an action to recover damages for personal injuries sustained by plaintiff, an employee of defendant, defendant appeals (1) from an order dated January 21, 1952, denying its motion for summary judgment dismissing the complaint; (2) from the order denying the motion for summary judgment, as resettled by an order dated February 19, 1952; and (3) from an order dated February 19, 1952, denying its motion for leave to renew the motion for summary judgment upon additional papers. The motion for summary judgment is based on the ground that defendant's affirmative defenses, alleging in substance that plaintiff's injuries arose out of and in the course of his employment and that his sole remedy was therefore under the Workmen's Compensation Law, were

conclusively established by documentary evidence or official records. It appears, without dispute, that although plaintiff never presented any claim for compensation payments and did not participate in proceedings before the Workmen's Compensation Board, awards were made by the board from time to time and were paid by defendant or its insurance carrier; that payments aggregating $2,400 were accepted by or on behalf of plaintiff; and that in addition payments of over $14,500 were made for his medical and hospital expenses. The principal ground of opposition to the motion is the claim that plaintiff's injuries did not arise out of and in the course of his employment and that the Workmen's Compensation Board consequently had no jurisdiction of the matter. Resettled order, dated February 19, 1952, reversed on the law, with $10 costs and disbursements, and motion for summary judgment dismissing the complaint granted, with $10 costs. In our opinion, while the acceptance of compensation payments by plaintiff was not an accord and satisfaction extinguishing plaintiff's cause of action for damages, since there was no final award and retention of full payments thereunder (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78; *Larscy* v. *Hogan & Sons*, 239 N. Y. 298; *Fitzgerald* v. *Harbor Lighterage Co.*, 244 N. Y. 132), the awards of compensation by the Workmen's Compensation Board constituted a finding by the board that the plaintiff's injuries arose out of and in the course of the employment. (*Meaney* v. *Keating*, 279 App. Div. 1030; Workmen's Compensation Law, § 2, subd. 7; § 10.) By virtue of that finding, which is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation Law (cf. *Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277; *Matter of Chetney* v. *Manning Co.*, 273 N. Y. 82; Workmen's Compensation Law, §§ 20, 23, 123), plaintiff's sole remedy is under that statute. (*Meaney* v. *Keating, supra*; *Graf* v. *Mazzella*, 240 App. Div. 974, affd. 264 N. Y. 581; Workmen's Compensation Law, §§ 10, 11.) In view of the foregoing determination, appeal from the order of February 19, 1952, denying defendant's motion for leave to renew upon additional papers, dismissed, without costs. Appeal from original order, dated January 21, 1952, dismissed, without costs. That order was superseded by the subsequent order of resettlement. Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ., concur.