Florence Zielinski, Individually and as Administratrix of the Estate of Henry J. Zielinski, Deceased, Appellant, v. General Motors Corporation, Respondent.

Fourth Department, July 15, 1955.

*Winton H. Church* for appellant.

*Francis J. Offermann, Jr.*, and *Solon J. Stone* for respondent.

*Per Curiam.* This is an action of interpleader wherein both the plaintiff and defendant lay claim to a sum of money, the proceeds of an award by the Workmen's Compensation Board. It appears that Henry J. Zielinski, plaintiff's intestate, sustained accidental injuries arising out of and in the course of his employment by the defendant and was awarded compensation by reason of permanent partial disability resulting from such accident. Thereafter, on February 28, 1950, the said Henry J. Zielinski and the defendant, his employer, entered into an agreement for a lump sum nonschedule adjustment pursuant to the provisions of subdivision 5-b of section 15 of the Workmen's Compensation Law. On October 10, 1950, the said Henry J. Zielinski and a representative of the defendant appeared before a panel of the Workmen's Compensation Board at a scheduled hearing for the purpose of obtaining approval of the nonschedule adjustment as provided for in the said agreement of February 28, 1950. At the conclusion of the hearing the panel members who were present at the hearing " tentatively " approved the adjustment but the formal written decision of the board was dated November 3, 1950, and thereafter mailed to the parties and received by the defendant on November 6, 1950. On November 9, 1950, the defendant forwarded its check in the amount of $6,291.20 in payment of the award. After making such payment the defendant learned that the said Henry J. Zielinski had died on October 24, 1950. In the meantime the plaintiff had deposited the proceeds of the check in her account as administratrix of her husband's estate in the Marine Trust Company of Western New York. The defendant thereafter made claim against the bank for the proceeds of the check, which claim was resisted by the plaintiff. Appropriate proceedings followed resulting in the fund being turned over to the County Treasurer to await disposition in this action in interpleader. The plaintiff now appeals from that part of the judgment wherein the county treasurer is directed to pay to the defendant the amount of the lump sum nonschedule award in the sum of $6,000.

The judgment appealed from in effect vacates the award of the compensation board; returns to the employer the moneys paid pursuant to such award and determines the employer's liability under the Workmen's Compensation Law. We think that the employer's remedy in the circumstances is under the Workmen's Compensation Law and that remedy is exclusive. The law vests in the Workmen's Compensation Board the jurisdiction to hear and determine all claims for compensation — to approve agreements, to modify or rescind awards (§ 142). It is provided in section

23 that " An award or decision of the board shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided." It provides for an appeal from such award to the Appellate Division, Third Department. Section 23 further provides for an application by any party to the board for a modification, rescission or review of the award and an appeal thereafter to the Appellate Division, Third Department.

The award in question has not been reversed on appeal, nor has it been modified or rescinded. It has the force and effect of a judgment which is binding and conclusive until reversed, vacated or modified, as provided for under the Workmen's Compensation Law. (*Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940, affd. 305 N. Y. 648.)

We conclude that the defendant's remedy under the Workmen's Compensation Law is exclusive, and that the judgment of the Supreme Court directing the return to the defendant of the moneys paid pursuant to the award of the Workmen's Compensation Board was in excess of its jurisdiction.

The judgment insofar as appealed from should be reversed, on the law, with costs, and judgment entered in favor of the plaintiff directing the County Treasurer of Erie County to pay to the plaintiff, as administratrix, the sum of $6,000, with interest, less fees, such sum now being on deposit with him to the credit of this action.

All concur, except VAUGHAN and WHEELER, JJ., who dissent and vote for affirmance. [See *post,* p. 1142.]

Present — McCURN, P. J., VAUGHAN, PIPER, WHEELER and VAN DUSER, JJ.

Judgment insofar as appealed from reversed, on the law, with costs, and judgment entered in favor of the plaintiff directing the County Treasurer of Erie County to pay to the plaintiff the sum of $6,000, with interest, less fees, now on deposit with him to the credit of this action.