Froessel, J.
(dissenting). We dissent and vote for affirmance. The jurisdiction of all matters relating to the administration of the Workmen’s Compensation Law is vested in the Workmen’s Compensation Board (Workmen’s Compensation Law, § 123), and its decisions are final and conclusive unless reversed on appeal (§ 23). The avowed purpose and object of that statute is to remove such controversies from the courts. Determinations made by the Workmen’s Compensation Board are *427 not open to review under an article 78 proceeding as is the case with other administrative boards and bodies. The review is authorized by appeal procedure only (Doca v. Federal Stevedoring Co., 280 App. Div. 940, affd. 305 N. Y. 648).
The Workmen’s Compensation Board was authorized to approve the lump sum nonscheduled adjustment in favor of Henry J. Zielinski. Both he and the defendant entered into a formal “ agreement for economic adjustment ” on February 28, 1950 which is equivalent to an offer to allow a determination to be made accordingly by the Workmen’s Compensation Board. Immediately after the October 10,1950 hearing, at the conclusion of which decision was reserved, and on the selfsame day, Commissioner Amadei, according to his own testimony, and his fellow commissioner “ went into conference ” and made a “ decision * * * which was released under date of November 3rd ”. In the meantime and on October 24 claimant had died.
Section 478 of the Civil Practice Act provides: “ § 478. Judgment after death of party. If either party to an action dies after an accepted offer to allow judgment to be taken or after a verdict, report or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the names of the original parties unless the offer, verdict, report or decision, or the interlocutory judgment, is set aside. * * * A judgment shall not be entered against a party who dies before a verdict, report or decision is actually rendered against him. In that case, the verdict, report or decision is void.” (Emphasis supplied.) While the Workmen’s Compensation Law does not have a similar provision, in the conduct of hearings it generally follows the practice prescribed in that act, except as otherwise provided in the Workmen’s Compensation Law, and with much greater liberality.
By adopting the practice prescribed in section 478 of the Civil Practice Act, which would be following legislative policy in such a situation as this, the case before us comes clearly within its provisions, for here was an offer of settlement resulting in a “ decision ’ ’ on the very day of the October 10th hearing and while claimant was still alive. The claim should not be defeated because it took some days to formalize that determination, notwithstanding claimant’s death in the interim. We thus have here an accepted offer to allow a determination to be *428 made and we also have a report, “ decision ” or interlocutory determination—call it what one will — before the final determination was entered.
Under these circumstances, the Workmen’s Compensation Board was authorized to enter the final determination in the name of the original claimant, Henry J. Zielinski, so long as the offer, report, decision or interlocutory determination was not set aside and so long as determination was not against the party who died (Civ. Prae. Act, § 478). Inasmuch, then, as the Workmen’s Compensation Board was fully authorized to do precisely what it did do, and its determination has not been appealed, plaintiff, as administratrix of this claimant, is entitled to recover from the defendant the moneys which had been previously paid to her and subsequently paid to defendant in the course of the interpleader action.
Accordingly, judgment should be affirmed, with costs.
Desmond, Fuld, Van Voorhis and Burke, JJ., concur in Per Curiam opinion; Froessel, J., dissents in an opinion in which Conway, Ch. J., and Dye, J., concur.
Judgment reversed, etc.