Matthew J. Jasen, J.
This is a motion by the defendants Domenico to dismiss the complaint upon the grounds that the court lacks jurisdiction of the subject matter of the action. The infant plaintiff is an employee of the defendants and was injured while riding* in a truck owned by the defendants which overturned. The defendants have interposed an affirmative defense, claiming that the plaintiffs’ sole remedy is under the Workmen’s Compensation Law of New York.
Admittedly, a claim for compensation has been made by the infant plaintiff to the Workmen’s Compensation Board, and on November 27, 1957, a referee of the board made findings of accident, notice and causal relationship. Furthermore, on February 26, 1958, the referee found that the infant plaintiff had sustained a 12%% loss of use of her leg; plaintiff was given an award of $1,080 and her attorney received a fee of $100 as a lien upon the award.
It is the contention of the plaintiffs that the infant plaintiff’s injury did not arise out of and in the course of her employment and that the award made by the Workmen’s Compensation Board was void since it did not have the jurisdiction to make such an award. The difficulty -with this argument is that the referee of the Workmen’s Compensation Board has made a finding that the injury did arise out of and in the course of the infant plaintiff’s employment with the defendants. That being true, this court does not have jurisdiction to review such finding in a collateral proceeding.
*574 The controlling authority for this proposition is the case of Doca v. Federal Stevedoring Co. (280 App. Div. 940, 941, affd. 305 N. Y. 649). The court stated: “ while the acceptance of compensation payments by plaintiff was not an accord and satisfaction extinguishing plaintiff’s cause of action for damages, since there was no final award and retention of full payments thereunder # * * the awards of compensation by the Workmen’s' Compensation Board constituted a finding by the board that the plaintiff’s injuries arose out of and in the course of the employment * * * By virtue of that finding, which is binding and conclusive until vacated or modified by direct proceedings under the Workmen’s Compensation Law * * * plaintiff’s sole remedy is under that statute. ’ ’
Therefore, if the plaintiff is aggrieved by the determination of the compensation referee that her injuries did arise out of and in the course of her employment, her remedy is by appeal under the Workmen’s Compensation Law.
The motion to dismiss is granted.