DOLORES R. PIGOTT et al., Respondents, *v.* BETTE FIELD, as Executrix of MONTE MEACHAM, Deceased, et al., Appellants.

First Department, March 15, 1960.

*John P. Carson* of counsel (*Lawless & Lynch,* attorneys), for appellants.

*Benjamin H. Siff* of counsel (*Gair & Gair,* attorneys), for Dolores R. Pigott, respondent.

*Louis G. Turen* for Joseph M. Diaz, respondent.

McNALLY, J. In a consolidated action for personal injuries, defendants-appellants Bette Field, as executrix under the last will and testament of Monte Meacham, deceased, and Arthur J. McQuade (then Acting Public Administrator), as administrator of the goods, chattels and credits of James P. Buys, deceased, appeal from a judgment entered on a jury verdict in favor of plaintiff-respondent Dolores R. Pigott in the sum of $50,141.65, and in favor of plaintiff-respondent Joseph M. Diaz in the sum of $17,085.75.

Unlike the answers in the companion cases (10 A D 2d 97) brought by the representatives of the estates of the decedents Monte Meacham and George Curtis Paul, decided herewith, the answers in the present consolidated action plead that plaintiffs'

injuries and damages arose out of and in the course of their employment and that plaintiffs' sole remedy is as provided in the Workmen's Compensation Law (§ 29, subd. 6).

Plaintiffs, on August 24, 1955, were passengers in a motor vehicle owned by the decedent Monte Meacham, operated by James P. Buys, proceeding on the Pennsylvania Turnpike. At approximately two miles west of the Downington Interchange the car went off the road causing plaintiffs the injuries complained of.

Plaintiffs and the other occupants of the motor vehicle, with the exception of the infant plaintiff William S. Meacham, at the time of the accident were proceeding to the Minnesota State Fair at St. Paul, Minnesota, from New York City, to perform a play which had been rehearsed in New York City where the employment contracts were made. Scenery and stage props were also in the motor vehicle.

Plaintiff Pigott admitted receiving payments after the occurrence from the State Insurance Fund. An award was made by the Workmen's Compensation Board to Pigott on December 4, 1956. A compensation award also was made to plaintiff Diaz on June 4, 1956; he received payments from the State Insurance Fund by way of compensation and cashed the checks.

At the close of plaintiffs' case, defendants moved to dismiss the complaints on the ground that the court was without jurisdiction of the subject matter of the action. This motion was denied. The learned trial court erroneously ordered a special verdict. Among the questions put to the jury were the following:

'' 4. Did the accident occur during the scope of the plaintiff's employment?

'' 5. Was the plaintiff's employment for work that was to be totally and exclusively performed outside the State of New York?

'' 6. Was Buys, in driving the vehicle, acting within the scope of his employment at the time of the accident? ''

The awards to plaintiffs made by the Workmen's Compensation Board were binding adjudications in respect of the said issues submitted to the jury. Said awards, until their modification, precluded the prosecution of these actions. (*Meaney* v. *Keating*, 200 Misc. 308, 313, affd. 279 App. Div. 1030, affd. 305 N. Y. 660; Workmen's Compensation Law, §§ 11, 23; *Williams* v. *Hartshorn*, 296 N. Y. 49; *Winter* v. *Doelger Brewing Co.*, 175 App. Div. 796, affd. 226 N. Y. 581; *Graf* v. *Mazzella*, 240 App. Div. 974, affd. 264 N. Y. 581.) We would dismiss the Pigott and Diaz complaints if it did not appear that subsequent to the trial the awards of the Workmen's Compensation Board had been

vacated. Rights are to be determined as of the time they are declared. (*Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527, 536; *Graybar Elec. Co.* v. *New Amsterdam Cas. Co.,* 292 N. Y. 246, 250.) On this record, however, we are unable to determine what is the present status of the awards or what has been the disposition, if any, of the appeals from the vacatur, to which reference was made on the argument of this appeal.

The judgment should be reversed, on the law and on the facts, and in the exercise of discretion, without costs, and a new trial directed.

We note *sua sponte* this consolidated action and the consolidated action wherein the representatives of the estates of the decedents Monte Meacham and George Curtis Paul, and others are plaintiffs, and the administrator of the estate of James P. Buys, deceased, is defendant, decided herewith, were tried consecutively. Where, as here, no substantial prejudice will thereby result, a joint trial will effect a saving in time, trouble and expense to the parties and the public. Moreover, injustice consequent on divergent verdicts may be avoided. The objectives of a joint trial as provided in section 96-a of the Civil Practice Act, and of consolidation under section 96 of the Civil Practice Act, are similar, although consolidation gives rise to a new action displacing the actions affected thereby, whereas a joint trial preserves the integrity of each of the actions. (See *Shlansky & Bro.* v. *Grossman,* 273 App. Div. 544; *Vidal* v. *Sheffield Farms Co.,* 208 Misc. 438.) We conclude there should be a joint trial of all the consolidated actions. The right to open and close shall be determined by the trial court. Settle order on notice.

RABIN, J. P., M. M. FRANK, STEVENS and BASTOW, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and in the exercise of discretion, without costs, and a new trial directed. Settle order.