John H. Farnham, J.
This is a motion brought under rule 113 of the Rules of Civil Practice for an order dismissing the complaints and directing that judgment to that effect be entered in favor of the defendants.
The crux of the defendants’ contention is that there is no issue of fact insofar as these motions are concerned and as a *455 legal question it must be held that section 29 of the Workman’s Compensation Law is the plaintiff’s sole remedy.
For the purposes of this motion, the court agrees with defendants’ contention that the plaintiffs and defendants were simultaneously employed by the same company and that the accident occurred on employer’s property. However, the court cannot agree in addition that, as a matter of lato, the parties were in the same employ within the purview of section 29 of the Workman’s Compensation Law at the time and place in question. It is the opinion of the court, after reading the cases cited by both plaintiffs and defendants, that there is no rigid rule of law which states that if an accident occurs on employer’s property between two or more fellow-employees during their lunch hour that, a priori they are in the same employ within the meaning of section 29 so as to make that section completely controlling and the exclusive remedy.
The court feels that this is a fact question which must be reviewed upon the trial of the issues where evidence on the question may be presented. If the parties were leaving work for the day or reporting for work in the morning, the defendants’ contention would seem to be supported by the decided cases. It cannot he said, however, that the cases completely support defendants’ contention regarding the facts in the instant case. The fact that the Workmen’s Compensation Board has not decided the issue at hand also is noteworthy. (See Laskoski v. De Mers, 10 A D 2d 896.)
In cases where the employee is traveling to and from work, he is doing so precisely because of that work. In the instant case the leaving of the employer’s premises had no relation to nor was it incidental to the employment. While it is true that a lunch period is incidental to employment, there is no requirement that employees leave the premises of the employer to accomplish it. It is evident that the parties here determined that they would leave employer’s premises and have their lunch elsewhere along with a bottle of beer, and definitely apart from their work. It is difficult for this court to associate such a course with their employment. Therefore, likewise, by the same token it is difficult to hold that at the time of the accident, while they still were passengers in individually owned automobiles, their work and activities on behalf of their employer had been resumed. At this point, the parties were nearing the end of a self-determined luncheon program over which the employer had exercised no control whatever. Had they never left the employer’s premises for lunch, the court would be disposed to grant the motion. However, by leaving the premises and then *456 returning, the court cannot say as a matter of law that merely being on company premises but still in their automobiles they had resumed their employment. At what precise point they would be held to have resumed their activity short of ‘ ‘ punching in 3 ’ may be difficult of definition or determination but the court does not feel that that point in this case had yet been reached. Defendants’ motion to dismiss is denied.