■ CARMELO DURSO, Respondent, v. MODERN BISCUIT CORP., Appellant. — In an action to recover damages for personal injuries sustained by plaintiff, an employee of defendant, the latter appeals from an order of the Supreme Court, Kings County, dated December 22, 1959, denying its motion for judgment dismissing the complaint on the ground that the action is barred by the provisions of the Workmen's Compensation Law (Rules Civ. Prac., rule 113), and on the further ground that the court does not have jurisdiction of the subject of the action (Rules Civ. Prac., rule 107, subd. 1). Order reversed,

with $10 costs and disbursements, and motion granted, with $10 costs. The complaint alleges that plaintiff was injured when he was assaulted by a fellow employee, and charges defendant with liability on the ground that it retained said fellow employee in its employ with knowledge of his dangerous and assaultive propensities and failed to take reasonable precautions to secure plaintiff against injury. Defendant pleaded as an affirmative defense and proved in support of its motion that it had secured workmen's compensation insurance for its employees. It therefore claimed that the action was barred by the Workmen's Compensation Law. If plaintiff's injuries arose in the course of and out of his employment they are compensable under the Workmen's Compensation Law and plaintiff's exclusive remedy is prescribed by that statute. If they did not arise out of his employment, defendant is not answerable therefor unless they resulted from an intentional tort committed by it. The complaint does not allege a cause of action for an intentional tort by defendant, nor did plaintiff assert in opposition to the motion any facts which would constitute such a cause of action. Moreover, the awards of compensation by the Workmen's Compensation Board constituted a finding by the board that plaintiff's injuries arose out of and in the course of the employment. By virtue of that finding, which is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation Law, plaintiff's sole remedy is under that statute. (*Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940, 941, affd. 305 N. Y. 648.) Accordingly, defendant's motion for judgment should have been granted. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.