Jacob Markowitz, J.
Plaintiffs in this action for personal injuries move for a dismissal of defendants ’ affirmative defense upon the ground that a binding determination thereof has heretofore been made. The affirmative defense is to the effect that the injuries sustained by plaintiffs were occasioned in the course of their employment and that plaintiffs are therefore relegated to the remedies provided by the Workmen’s Compensation Law.
At a trial in this court in November, 1958, the jury, after making a special finding to the effect that the accident did not occur in the course of plaintiffs’ employment, found in plaintiffs’ favor.
In June and December, 1956 the Workmen’s Compensation Board had made awards to plaintiffs on the apparent theory that the accident occurred in the course of employment.
During the pendency of the trial and subsequent thereto, the State Industrial Board, after conducting further hearings, on September 23, 1959, rescinded the decision of the Compensation Board and restored the matter to the Compensation Referee’s Calendar for further consideration on the question of jurisdiction.
The revocation of the original workmen’s compensation award took place subsequent to the Supreme Court action but prior to the argument in the Appellate Division of the appeal from the verdict and judgment rendered in this court.
Upon appeal, the judgment was reversed upon the ground that at the time of the trial there was a binding adjudication with respect to the issue of whether the accident arose in the course of plaintiffs’ employment and it was therefore error to submit the same issue for the determination of the jury.
The Appellate Division further states that it would have dismissed the complaint were it not for the fact that they were placed on notice [although not in the record] that the award of the Workmen’s Compensation Board had been vacated. In sending the case back for new trial, the Appellate Division, by McNally, J., stated: * ‘ On this record, however, we are unable to determine what is the present status of the awards or what has been the disposition, if any, of the appeals from the vacatur, to which reference was made on the argument of this appeal.” (10 AD 2d 99,101.)
In the interim, defendants appealed to the Appellate Division, Third Department, from the vacatur of the compensation award. The appeal was dismissed (8 A D 2d 680; 11 A D 2d 615) and *453 defendants’ motion for leave to appeal from the dismissal was denied by the Court of Appeals (8 N Y 2d 709).
Upon a new hearing before the Workmen’s Compensation Board, a determination was made to the effect that the accident did not arise in the course of plaintiffs’ employment.
In addition to the employer’s compensation carrier, the attorneys for the present defendants also appeared at the compensation hearings. The attorneys for the present defendants, though not permitted to actively participate at the compensation hearings, nevertheless made their position clear to the hearing officer. It was they, as the liability carriers for the employer, who appealed from the vacatur of the original determination, while the employer’s compensation carrier made no move to upset either the initial or the second award.
With respect to any conflict that may have existed between the carriers representing defendants, such conflict should not be allowed or permitted to affect the rights of the plaintiffs. The difference in the theories advanced by the carriers representing the defendants could or should have been heretofore resolved.
Plaintiffs now urge that in view of the fact that a binding determination has been made to the effect that the accident did not arise within the scope of plaintiffs’ employment, defendants through the medium of their affirmative defense may not properly re-litigate this identical issue at the trial.
There can exist no doubt that plaintiffs would have been bound by the final compensation award even though all of the present defendants were not parties to the compensation proceedings. As previously stated the Appellate Division failed to dismiss the complaints on the ground that the previous award had been vacated. Were it not for this vacatur, plaintiffs’ complaint would have been dismissed on the ground that they were bound by the final adjudication of the Compensation Board. Since such adjudication would have been binding on the plaintiffs, the rationale of the situation suggests that there can then exist no justifiable reason why the defendants should not be similarly bound.
Accordingly, the defendants are without authority at this stage of the proceedings to once again attempt to resolve the selfsame conflict through the medium of the affirmative defense, to the detriment of the plaintiffs.
In view of all of the foregoing, it is the court’s view that the affirmative defense may not now be properly interposed. The motion to dismiss same is granted and the answer is deemed amended accordingly.