Benjamin Brenner, J.
I find, upon the preponderance of the evidence, that the injuries sustained by plaintiff, while a *1050 passenger in the car owned by defendant, were caused by the negligence of its operator and without contributory fault, for which he is justly entitled to recover, provided there is no merit to defendant’s affirmative defense that plaintiff’s injuries are compensable by workmen’s compensation.
Upon the agreed facts the plaintiff and the operator were at the time of the accident returning to their motel room, having spent the evening socializing after a day’s work as fellow employees. The work assignment to which they were directed by their employer was in a place distant from their homes so that lodging and travel expense were provided for the week to include the day following, when the work was to be completed. In the circumstances, the defendant urges that plaintiff’s injuries, while a passenger in defendant’s car, are compensable because the scope of employment encompassed the entire stay, including social activity in the leisure time.
It is now established that if the injury is sustained through the negligence of a coemployee in the course of employment, that the exclusive remedy is that provided by the Workmen’s Compensation Law and the injured person is barred from suit against either the employer or his fellow employee (Workmen’s Compensation Law, § 29, subd. 6). And, where a car operated by a negligent co-worker in the course of employment is not owned by such fellow employee or employer, workmen’s compensation is still the exclusive remedy if the cause against the owner is derivative pursuant to section 388 of the Vehicle and Traffic Law (formerly § 59). (Naso v. Lafata, 4 N Y 2d 585; Rauch v. Jones, 4 N Y 2d 592.)
The latter holding may be rationalized as follows: Since the owner of the automobile, derivatively liable for the negligence of the driver, may sue that driver, eventually the latter, as a fellow employee, would be subjected to liability, contrary to the intent of the workmen’s compensation statute. (Naso v. Lafata, supra, p. 591.) Secondly, statutory liability of an owner of an automobile is designed to provide a remedy where no other remedy is available, and such liability should not otherwise be applied. (Rauch v. Jones, supra, p. 596.)
An essential requirement for the application of the above rule is that the employee be injured in the course of his employment (Naso v. Lafata, supra, p. 589), which basic requirement, according to defendant, is present in the case at bar. The dominant philosophy in decisional law, particularly in workmen’s compensation, is that when an employee is sent on his employer’s business at a distance from his home, and is directed to remain in a particular locality, he “is not expected to wait immobile, but *1051 may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity in an incident of Ms employment.” (Matter of Davis v. Newsweek Mag., 305 N. Y. 20, 28.) It has been held that the type of activity in which the plaintiff and his fellow employee driver were engaged when the car accident and injury occurred, is in “ the course of employment ” and therefore compensable. (Matter of Daly v. State Ins. Fund, 284 App. Div. 174, mot. for lv. to app. den. 307 N. Y. 942 [taking a drive for a breath of air after his work was completed and before returning to his hotel]; Matter of Gabunas v. Pan Amer. Airways, 279 App. Div. 697 [airline stewardess required to wait in Lisbon during enforced layover of assigned aircraft — injured while cycling]; Matter of Motto v. Cosmopolitan Tourist Co., 278 App. Div. 597 [injured on boat while waiting for a fishing party to return]; Matter of Schneider v. United Whelan Drugstores, 284 App. Div. 1072 [out of town employee drowned while awaiting return by plane]; Matter of Lewis v. Knappen Tippetts Abbett Eng. Co., 304 N. Y. 461 [engineer in foreign country killed on sightseeing trip]; Matter of Kohl v. International Harvester Co., 9 A D 2d 597 [an employee killed en route to a restaurant].)
The courts, however, have not ruled consistently, for there are cases wherein activity which logically would seem to be more closely related to the employment or more necessary for the maintenance of the employee while away from his home have been held to be not compensable. (Matter of Friedwald v. New York State Ins. Dept., 17 A D 2d 670 [taking shower in hotel room prior to going to bed]; Matter of Pasquel v. Coverly, 4 N Y 2d 28 [returning home from personal activity several hours after completing work in another city to which he had been sent by Ms employer].)
Essentially, the question here to be decided is whether the liberal construction of the term “ in the course of employment ” as applied in compensation eases, in order to afford compensation to an injured employee should also be applied in a third-party suit against the owner of a car who is not the actual tort-feasor. Of course, in cases where the third-party action is barred, it has been conceded that the injury arose “ in the course of employment ” (Naso v. Lafata, supra; Rauch v. Jones, supra), so that they do not provide any guide for the case at bar.
In several suits against a third party where, as here, the defense of workmen’s compensation was asserted, the court disallowed the defense and, while not expressly stating that this is so, the implication in those cases is that a narrower definition of the concept “in the course of employment ” is justifiable. *1052 (D'Anofrio v. Hatten, 25 Misc 2d 346; Bonadonna v. Barry, 28 Misc 2d 454, affd. 13 A D 2d 1890.)
However unclear the state of the law may be as to third-party suits, I am, nevertheless, convinced that the more stringent view of noncompensability, adopted in workmen’s compensation cases for injuries sustained during leisure time in distant employment, is appropriate because an adverse ruling may eventually bar plaintiff from recovery upon either of the statutory grounds. For, should I find that plaintiff’s claim is compensatory, such finding would not necessarily bind the Workmen’s Compensation Board, since that administrative tribunal would have different parties before it. This is to say that, in the light of the varying views on the subject, it cannot be said with certainty that if plaintiff were to make a claim for workmen’s compensation he would actually receive such compensation. It is, therefore, in the interests of justice that plaintiff be awarded the benefit of the statutory liability imposed upon the owner of the car for, conceivably, no other remedy may be available. (Rauch v. Jones, supra, p. 596.)
The affirmative defense is accordingly dismissed and, as plaintiff is justly entitled to recover the sum of $7,500, judgment in that sum may be entered.