■ PEDRO GARCIA, Respondent, v. FRANCES ISERSON, as Executrix of HOWARD M. ISERSON, Deceased, Appellant, et al., Defendant.— In a medical malpractice action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Kings County, entered January 3, 1973, which (1) denied a motion by defendant Iserson, pursuant to CPLR 3211, to dismiss the complaint for lack of jurisdiction of the subject matter of the action and (2) directed an immediate trial of the issue of whether plaintiff's injuries were sustained in the course of his employment. Order reversed, on the law, with $20 costs and disbursements, and motion granted. The following facts are essentially undisputed: Plaintiff, an employee of defendant Imperial Paper Box Corporation, returned to work on June 8, 1972 after an absence of a few days and complained of a cold. He was treated in an infirmary on the premises by Dr. Howard M. Iserson, who allegedly gave him an injection in a negligent manner, causing him injury. Dr. Iserson, now deceased, was employed by Imperial at a weekly salary of $100 per week to provide medical care for the employees of Imperial and was required to devote four hours on each of three separate days a week on Imperial's premises for that purpose. The usual deductions were made from Iserson's salary check and he was covered under Imperial's medical plan and its workmen's compensation insurance policy. It is settled that under subdivision 6 of section 29 of the Workmen's Compensation Law the only remedy available to an employee injured in the course of his employment by the negligence of a fellow employee is to claim workmen's compensation benefits (*Naso* v. *Lafata*, 4 N Y 2d 585, 589; *Moon* v. *Finkle*, 6 N Y 2d 831). The Workmen's Compensation Law is to be given a liberal construction so as to "embrace all activities which can, in any reasonable sense, be included within its coverage" (*Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468, 471). In our opinion, pursuant to that philosophy, the injury herein may reasonably be held to have been a consequence of an act performed

as incidental to the employment and thus within the scope of the employment. We find that Dr. Iserson may be deemed to have been " another in the same employ " as plaintiff within the meaning of subdivision 6. While our conclusion might differ in a situation where an employer refers its employees to an outside physician who is compensated on a case-by-case basis, the circumstances of Dr. Iserson's employment established that he was a regular employee of Imperial (see *Mrachek* v. *Sunshine Biscuit*, 308 N. Y. 116, 121–122). Professional people have, under appropriate circumstances, been found to be employees within the meaning of the Workmen's Compensation Law so as to be entitled to benefits thereunder (*Matter of Egan* v. *New York State Joint Legis. Committee*, 2 A D 2d 418; *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506). We therefore hold that plaintiff's exclusive remedy is under the Workmen's Compensation Law and that the instant action against Iserson must be dismissed (*Bergen* v. *Miller*, 104 N. J. Super. 350; *Jones* v. *Bouza*, 381 Mich. 299; cf. *Gay* v. *Greene*, 91 Ga. App. 78; *Garrison* v. *Graybeel*, 202 Tenn. 567; *Fauver* v. *Bell*, 192 Va. 518). In our opinion, the holding in *Volk* v. *City of New York* (284 N. Y. 279), as relied upon in *Robison* v. *State of New York* (266 App. Div. 1054, affd. 292 N. Y. 631) and reaffirmed in *Sivertsen* v. *State of New York* (19 N Y 2d 698), should not be extended to the instant case. *Volk* turned upon a finding that the risk of injury to which the plaintiff was exposed was the same as that to which any member of the public would have been subject. That finding cannot be made herein, since plaintiff was injured in the course of treatment rendered exclusively to the employees of Imperial (cf. *Roloff* v. *Arabian Amer. Oil Co.*, 421 F. 2d 240). Rabin, P. J., Munder, Latham, Shapiro and Gulotta, JJ., concur.