■ WILLIAM MOAKLER, Respondent, v. ROBERT BLANCO et al., Appellants.— Order, Supreme Court, New York County, entered January 11, 1974, denying defendants' motion for summary judgment, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the complaint dismissed. The record does not present any issue of fact necessitating a trial. Regardless of whether defendants' or plaintiff's version of the events is believed, there is no indication that the revolver was discharged as a result of a willful or intentional act. Not only did the defendants contend that the gun was accidentally discharged, but plaintiff also stated in his examination before trial, that the accident occurred while Blanco was "fooling around with the gun". Indeed, the complaint and the bill of particulars rest upon allegations of negligence and do not allege an intentional act. Accordingly, since it was established that the injuries arose out of and in the course of employment (see *Matter of Brozovich* v. *Hotel Pennsylvania*, 259 N. Y. 514; *Matter of Lang* v. *Franklin Ry. Supply Co.*, 272 App. Div. 988) through a coemployee's negligence workmen's compensation is the exclusive remedy and plaintiff is barred from suit against the employer or the fellow-employee (Workmen's Compensation Law § 29 subd. 6; *Naso* v. *Lafata*, 4 N Y 2d 585, 589; *Garcia* v. *Iserson*, 42 A D 2d 776; *Celler* v. *Sherman*, 48 Misc 2d 1049, affd. 28 A D 2d 959, affd. 21 N Y 2d 976). Accordingly, since a workmen's compensation award was made, such constitutes a finding that plaintiff's injuries arose out of and in the course of employment and is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation law. (*Durso* v. *Modern Biscuit Corp.*, 11 A D 2d 1036, 1037; *Pigott* v. *Field*, 10 A D 2d 99; *Doca* v. *Federal Stevedoring Co.*, 280 App. Div. 940, 941, affd. 305 N. Y. 648.) We also note that even after this action was begun and after plaintiff was examined before trial, he processed his workmen's compensation claim and accepted the award. Under such circumstances, plaintiff's right, in any event, to "maintain a common-law action for assault is lost and the jurisdiction of the Workmen's Compensation Board becomes exclu-

sive" (*Burgess* v. *Tryde Mfg. Co.*, 20 Misc 2d 875; *Meaney* v. *Keating*, 200 Misc. 308, affd. 279 App. Div. 1030, affd. 305 N. Y. 660; *Matter of Doca* v. *Federal Stevedoring Co.*, 308 N. Y. 44). Concur — Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.