Joseph STINE, Plaintiff-Appellant,

v.

Gilda WEINER, Executrix of the Estate of Alvin Weiner, Deceased, and Declan Praska, Defendants-Appellees.

Civ. No. 9167.

Supreme Court of North Dakota.

Feb. 11, 1976.

Lashkowitz Law Offices, Ltd., Fargo, for plaintiff and appellant; argued by Shelley J. Lashkowitz, Fargo.

Tenneson, Serkland, Lundberg & Erickson, Ltd., Fargo, for Gilda Weiner, defendant and appellee; argued by Jack G. Marcil, Fargo.

PAULSON, Judge.

This is an appeal by the plaintiff, Joseph Stine [hereinafter Stine], from a summary judgment of dismissal with prejudice entered by the Walsh County District Court in favor of the defendant, Gilda Weiner, as Executrix of the Estate of Alvin Weiner, Deceased.

Stine brought this action to recover for injuries he sustained in an automobile accident on May 10, 1972, near Crystal, North Dakota. Stine was a passenger in an automobile being driven by Alvin Weiner [hereinafter Weiner], who was killed in such accident. Suit was thereafter brought against Gilda Weiner, as the executrix of Weiner's estate.

■ Although no affidavits detailing the circumstances which are at issue were filed by Stine in resistance to the summary judgment motion,[1] an examination of the record reveals that the facts are as follows:

—Stine and Weiner were both employees of Fairchild Industries, Inc. [hereinafter

1. We believe that the preferable method for presenting facts to the district court on a motion for summary judgment is through affidavits, submitted by both parties, pursuant to Rule 56, subdivisions (a), (b), and (e), N.D.R.Civ.P. *See Ray v. Northern Sugar Corporation,* 184 N.W.2d 715 (N.D.1971).

Fairchild], whose principal place of business is in New York. Although both Stine and Weiner lived and worked in New York, at the time of the accident they were in North Dakota supervising, for Fairchild, the installation of component parts for the antiballistic missile system then under construction by the Federal Government in northeastern North Dakota. While in North Dakota, both men were staying at a motel in Grafton, and worked at a missile site some distance from Grafton.

—At the time of the accident, Weiner had been in North Dakota for about two days, and was employed as a superintendent by Fairchild. Stine had been in North Dakota approximately one week, and was employed by Fairchild as a foreman. Weiner was Stine's immediate supervisor.

—The accident occurred near Crystal at approximately 7 a. m. on May 10, 1972, while Weiner and Stine were traveling to their work site. They left Grafton for the work site at approximately 6:30 a. m., after breakfast in Grafton. At the intersection of North Dakota Highways No. 66 and No. 18 Weiner's vehicle was struck by a pickup driven by Declan Praska. Weiner was killed, and Praska and Stine were injured in the accident.[2]

—After the accident, Stine returned to New York for medical care and hospitalization. An application for benefits under the New York Workmen's Compensation Law was filed on Stine's behalf, and thereafter benefits were awarded. Prior to the award of workmen's compensation benefits, the Workmen's Compensation Board of New York conducted a hearing on the application for benefits, at which hearing Stine was represented by his attorney. All of Stine's medical and hospital expenses were paid pursuant to the terms of the workmen's compensation award, and Stine also received a disability award. The record

does not, however, detail the monetary terms of such awards. Neither Stine nor his employer filed a claim for benefits under the North Dakota Workmen's Compensation Act.

—Subsequent thereto, Stine commenced this action in Walsh County District Court, seeking recovery from Weiner and Praska for the injuries which he sustained in the automobile accident for which he had received benefits under the New York Workmen's Compensation Law. Weiner thereupon moved, pursuant to Rule 56(b), N.D.R. Civ.P., for summary judgment, contending that Stine's exclusive remedy was his earlier resort to compensation from workmen's compensation benefits. It is from the trial court's summary judgment of dismissal in favor of Weiner that Stine appeals.

The issue for our determination on this appeal is whether or not the trial court erred in granting Weiner's motion for summary judgment.

Rule 56(c), N.D.R.Civ.P., provides that:

> *"(c) Motion and proceedings thereon.* The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *Judgment shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment, when appropriate, may be rendered against the moving party." [Emphasis added.]

We must, therefore, determine whether or not a genuine issue as to any material fact

---

2. Although suit was commenced against both Praska and Weiner, this appeal does not present any issue with respect to the action against defendant Declan Praska.

existed in determining whether or not the trial court erred in granting Weiner's motion for summary judgment in the instant case. *Farmers Elevator Company v. David*, 234 N.W.2d 26, Syll. ¶ 2 (N.D.1975) (and cases cited therein).

Stine contends that a genuine issue of material fact exists, asserting that the determination of whether or not the automobile accident which caused Stine's injuries occurred within the course of employment is a question of fact which can be resolved only at trial. Stine further contends, in the alternative, that, even if the injuries were sustained in the course of employment, a co-employee's immunity from suit under the workmen's compensation laws violates an asserted public policy against such immunity.

Weiner, on the other hand, contends that Stine's suit against him is barred by the provision in the workmen's compensation law that no right of action exists against a co-employee if the injuries were sustained in the course of employment; that the decision of the New York Workmen's Compensation Board awarding Stine medical, hospitalization, and disability benefits is *res judicata* on the "course of employment" question in the instant case; and that, because no genuine issue of fact therefore exists, the summary judgment was proper.

The trial court concluded that the decision of the New York Workmen's Compensation Board did, of necessity, determine that Stine's injuries were sustained in the course of employment; that the North Dakota and New York workmen's compensation statutes, as applied to the instant case, are so similar that no differences in public policy are involved; that both New York and North Dakota provide that the injured person's sole recourse, when the injury is caused by the negligence of a co-employee, is provided for by the respective State's workmen's compensation laws; and that, therefore, under the Full Faith and Credit Clause of Article IV, § 1 of the United States Constitution, North Dakota courts should give effect to the decision of the New York Workmen's Compensation Board that Stine's injuries were, in fact, sustained in the course of his employment, consequently barring this action against co-employee Weiner. The trial court therefore granted Weiner's motion for summary judgment. We affirm.

Stine received benefits under the Workmen's Compensation Law of New York, which provides, in pertinent part, N.Y.Consol.Laws, Workmen's Compensation Law § 10 (64 McKinney 1965):

"§ 10.   *Liability for compensation*

"Every employer subject to this chapter shall in accordance with this chapter, except as otherwise provided in section twenty-five-a hereof, secure compensation to his employees and pay or *provide compensation for their disability or death from injury arising out of and in the course of the employment* without regard to fault as a cause of the injury, except that there shall be no liability for compensation under this chapter when the injury has been solely occasioned by intoxication of the injured employee while on duty or by wilful intention of the injured employee to bring about the injury or death of himself or another." [Emphasis added.]

The New York Workmen's Compensation Law is given extraterritorial effect, permitting employees injured in the course of employment while outside the boundaries of New York to receive workmen's compensation benefits for such injuries. N.Y.Consol. Laws, Workmen's Compensation Law § 2. *Post v. Burger & Gohlke*, 216 N.Y. 544, 111 N.E. 351 (1916); *Klein v. Stoller & Cook Co.*, 220 N.Y. 670, 116 N.E. 1055 (1917); *Lewis v. Knappen Tippetts Abbett Engineering Co.*, 304 N.Y. 461, 108 N.E.2d 609 (1952).

The New York Workmen's Compensation Board is empowered to conduct investiga-

tions and hold hearings on claims filed seeking compensation. N.Y.Consol.Laws, Workmen's Compensation Law § 20 (64 McKinney 1965):

"§ 20. *Determination of claims for compensation*

". . . The board shall have full power and authority to determine all questions in relation to the payment of claims presented to it for compensation under the provisions of this chapter. The chairman or board shall make or cause to be made such investigation as it deems necessary, and upon application of either party, shall order a hearing, and within thirty days after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award, determining such claim for compensation, and file the same in the office of the chairman. Immediately after such filing the chairman shall send to the parties a copy of the decision. Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the board shall be final as to all questions of fact, and, except as provided in section twenty-three, as to all questions of law. . . ."

A party aggrieved by the decision of the New York Workmen's Compensation Board may appeal its decision, under the provisions of N.Y.Consol.Laws, Workmen's Compensation Law § 23 [64 McKinney 1965 (1975 P.P.)], which provides, in pertinent part:

"§ 23. *Appeals*

"An award or decision of the board shall be final and conclusive upon all questions within its jurisdiction, as against the state fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided. . . . an appeal may be taken therefrom to the appellate division of the supreme court, third department, by any party in interest, including an employer

insured in the state fund. The board may also, in its discretion certify to such appellate division of the supreme court, questions of law involved in its decision. Such appeals and the question so certified shall be heard in a summary manner and shall have precedence over all other civil cases in such court. . . . An appeal may also be taken to the court of appeals in the same manner and subject to the same limitations not inconsistent herewith as is now provided in the civil practice law and rules. . . ."

Finally, an injured employee cannot recover for his injuries from a negligent co-employee, under the provisions of N.Y.Consol.Laws, Workmen's Compensation Law § 29(6) [64 McKinney 1965 (1975 P.P.)], which provides:

"§ 29. *Remedies of employees; subrogation*

. . . . .

"6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

In *Moakler v. Blanco*, 47 A.D.2d 614, 364 N.Y.S.2d 526, 527–528 (1975), the Appellate Division of the New York Supreme Court applied the New York Workmen's Compensation Law to a suit based upon a co-employee's negligence, and dismissed the complaint, explaining that:

"[1] *The record does not present any issue of fact necessitating a trial.* Regardless of whether defendants' or plaintiff's version of the events is believed, there is no indication that the revolver was discharged as a result of a willful or intentional act. Not only did the defendants contend that the gun was accidentally discharged, but plaintiff also stated in his examination before trial, that the accident occurred while Blanco was 'fooling

around with the gun'. Indeed, the complaint and the bill of particulars rest upon allegations of negligence and do not allege an intentional act. Accordingly, *since it was established that the injuries arose out of and in the course of employment* (see *Brozovich v. Hotel Pennsylvania,* 259 N.Y. 514, 182 N.E. 160; *Lang v. Franklin Ry. Supply Co.,* 272 App.Div. 988, 73 N.Y.S.2d 1) *through a co-employee's negligence,* Workmen's Compensation is the exclusive remedy and *plaintiff is barred from suit against* the employer or *the fellow-employee* (Workmen's Compensation Law § 29, subd. 6; *Naso v. Lafata,* 4 N.Y.2d 585, 589, 176 N.Y.S.2d 622, 625, 152 N.E.2d 59, 61; *Garcia v. Iserson,* 42 A.D.2d 776, 346 N.Y.S.2d 572; *Geller v. Sherman,* 48 Misc.2d 1049, 266 N.Y.S.2d 671, aff'd 28 A.D.2d 959, 282 N.Y.S.2d 937, aff'd 21 N.Y.2d 976, 290 N.Y.S.2d 204, 237 N.E.2d 364).

"*[2]* Additionally, *since a Workmen's Compensation award was made, such constitutes a finding that plaintiff's injuries arose out of and in the course of employment and is binding and conclusive until vacated or modified by direct proceedings under the Workmen's Compensation law.* (*Durso v. Modern Biscuit Corp.,* 11 A.D.2d 1036, 1037, 205 N.Y.S.2d 923, 925; *Pigott v. Field,* 10 A.D.2d 99, 197 N.Y.S.2d 648; *Doca v. Federal Stevedoring Co.,* 280 App. Div. 940, 941, 116 N.Y.S.2d 25, 26, aff'd 305 N.Y. 648, 112 N.E.2d 424.)

"*[3]* We also note that even after this action was begun and after *plaintiff* was examined before trial, *he processed his Workmen's Compensation claim and accepted the award.* Under such circumstances, *plaintiff's right, in any event, to* 'maintain a common-law action for assault is lost' and the jurisdiction of the Workmen's Compensation Board becomes exclusive.' (*Burgess v. Tryde Manufacturing Co.,* 20 Misc.2d 875, 195 N.Y.S.2d 519; *Meaney v. Keating,* 200 Misc. 308, 102 N.Y.S.2d 514, aff'd 279 App.Div. 1030, 113 N.Y.S.2d 240, aff'd 305 N.Y. 660, 112 N.E.2d 763; *Doca v. Federal Stevedoring Co.,* 308 N.Y. 44, 123 N.E.2d 632.)" [Emphasis added.]

It is therefore clear that if the instant action had been commenced by Stine in New York, such action would have been barred by the provisions of the New York Workmen's Compensation Law and properly dismissed on Weiner's motion for summary judgment. However, because this action was commenced in North Dakota, we must determine whether or not the result would be the same.

The critical question, therefore, is whether Stine, after seeking and obtaining benefits under the New York Workmen's Compensation Law as an employee of Fairchild injured in North Dakota in the course of his employment, can now assert the contrary in his common-law action in our courts. We conclude that he cannot.

Article IV, § 1 of the United States Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

■ Under the provisions of the Full Faith and Credit Clause, a sister State must give recognition to the workmen's compensation statutes of another State, *Bradford Electric Light Co. v. Clapper,* 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026 (1932), although the forum State is not constitutionally compelled to apply the provisions of another State's Workmen's Compensation Act which are obnoxious to the public policy of the forum State, *Carroll v. Lanza,* 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183 (1955); *Pacific Employers Insurance Co. v. Industrial Accident Commission,* 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939).

This Court considered, albeit obliquely, the Full Faith and Credit issue in a some-

what analogous situation presented by *Bekkedahl v. North Dakota Workmen's Comp. Bureau*, 222 N.W.2d 841 (N.D.1974). In *Bekkedahl*, a North Dakota resident was injured while working in Montana, and had received an award of benefits under the Montana workmen's compensation laws before filing his claim for benefits under the North Dakota Workmen's Compensation Act. This Court concluded that Bekkedahl's claim was not barred by the Montana award, quoting with approval from the decisions of the New Jersey courts which had held that a prior award in another State was "obnoxious to the policy of our act" because, in part, of a disparity in the benefits available. In *Bekkedahl*, this Court specifically held in the syllabus, 222 N.W.2d at 841, that:

> "*Because the differences in the Workmen's Compensation benefits between the states of Montana and North Dakota were not pointed out to the claimant nor known by him at the time he was asked to file and did file his claim with the state of Montana, because the claimant had very recently undergone serious brain surgery and was still recuperating* from that surgery as well as from his other injuries at the time he was asked to file the claim with the Industrial Accident Board of Montana, because the North Dakota Legislature intended by the 1955 Amendment to § 65–05–05, N.D.C.C., to prevent duplicate benefits, and since the allowance of the claim in the instant case will not permit a duplication of benefits, it is held that § 65–05–05, N.D.C.C., *does not prevent the Workmen's Compensation Bureau of North Dakota from considering the claim filed in the instant case.*" [Emphasis added.]

Unlike *Bekkedahl*, however, the instant case does not present an issue of whether or not Stine is entitled to additional benefits under the North Dakota Workmen's Compensation Act. Rather, we are confronted with a question of remedies—whether Stine can pursue both his workmen's compensa-

tion claim in New York and a common-law action against Weiner in North Dakota. We must, therefore, determine whether or not the policy of North Dakota, as reflected by our workmen's compensation statutes, is obnoxious to the workmen's compensation policy of New York—which would preclude this suit and permit dismissal of the action. *Moakler v. Blanco, supra.*

Had Stine filed his claim with the North Dakota Workmen's Compensation Bureau, and been awarded workmen's compensation benefits, the following statutes, set forth in pertinent part, would apply;

65–05–03, N.D.C.C. "*Jurisdiction of bureau to hear questions within its jurisdiction—Finality of determination.—The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions,* except as provided in chapter 65–10, shall be final and *shall be entitled to the same faith and credit as a judgment of a court of record.* . . .*"*

65–05–05, N.D.C.C. "*Payments made to insured employees injured in course of employment and to their dependents.— The bureau shall disburse the fund for the payment of compensation and other benefits* as provided in this chapter *to employees,* or to their dependents in case death has ensued, *who* :

"1. Are subject to the provisions of this title;

"2. Are employed by employers who are subject to this title; and

"3. *Have been injured in the course of their employment.*

Where the injury is sustained outside the state of North Dakota and compensation is claimed and received through some other state act no compensation shall be allowed under this title."

65–10–01, N.D.C.C. "*Appeal from decision of bureau.—*If the final action of the bureau denies the right of the claimant to participate at all in the fund on the

ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant's right, or if the bureau allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant, if such allowance is less than the maximum allowance provided by this title, the claimant may appeal to the district court of the county wherein the injury was inflicted or of a county agreed to by stipulation of the appellant and the bureau. An employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section. An appeal involving injuries received under insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh County. Any appeal under this section shall be taken in the manner provided in chapter 28–32. Any appeal to the district court shall be heard on the record, transmitted from the bureau, and, in the discretion of the court, additional evidence may be presented pertaining to the questions of law involved in the appeal."

65–01–08, N.D.C.C. *"Contributing employer relieved from liability for injury to employee.*—Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, *the employee,* and the parents of a minor employee, or the representatives or beneficiaries of either, *shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."* [Emphasis added.].

In summary, then, the employee's sole remedy under North Dakota law is to seek benefits from the workmen's compensation fund for an injury sustained in the course of employment, which was caused by the negligent act of a co-employee. *Lacy v. Grinsteinner,* Syll. ¶ 6, 190 N.W.2d 11 (N.D. 1971); 2 Larson, Workmen's Compensation § 72.20 (1973). The remedy provided under the New York statutes previously quoted is exactly the same.

Furthermore, under the provisions of § 65–05–03, N.D.C.C., a decision of the Workmen's Compensation Bureau is "entitled to the same faith and credit as a judgment of a court of record". A judgment of a county or district court, unless timely appealed to this Court, is *res judicata* of the issue determined by such judgment. *In re Estate of Bjerke,* 181 N.W. 2d 126 (N.D. 1970).

The treatment of *res judicata* in workmen's compensation cases is described in 3 Larson, Workmen's Compensation § 79.71, pages 226–229 (1973), as follows:

"The sequence in which the issue of *res adjudicata* is most frequently encountered is that of a compensation claim followed by a common-law suit. If the conventional elements of *res adjudicata* are present, a prior decision or finding on any relevant issue in a compensation proceeding is *res adjudicata* as to the same issue in a subsequent suit at law to recover for the same injury or death, whether the effect is to defeat the suit or to defeat a defense to the suit. This rule has been applied when the issue was the jurisdiction of the commission over the claim as one falling within the provisions of the compensation act, the question whether the injury arose out of and in the course of employment, the occurrence and accidental nature of the injury, the existence of the employment relation, the character of the employment, the insured status of the employer, and questions bearing on extra-territorial jurisdiction such as place of making the employment contract and place where the employment was intended to be performed." [Footnotes omitted.]

The Workmen's Compensation Bureau in North Dakota, pursuant to § 65–05–

03, N.D.C.C., is empowered to hear and determine "all questions within its jurisdiction". Among these questions, under § 65–05–05, N.D.C.C., is whether or not the claimant's injury occurred "in the course of . . . employment". Such determination by the North Dakota Workmen's Compensation Bureau would be, in our judgment, *res judicata* on the question of whether or not the injury occurred in the course of the claimant's employment,[3] unless such decision is timely appealed from, under § 65–10–01, N.D.C.C., or unless the claimant shows, in a subsequent proceeding, that extenuating factors, such as were present in *Bekkedahl, supra,* deprived him of the opportunity to make an informed decision about filing and processing his claim under the applicable Workmen's Compensation Act.

■ Based upon a comparison of the North Dakota and New York statutes set forth above, we find nothing "obnoxious to the policy of our state" in the New York Workmen's Compensation Law, as applied to the instant case. On the contrary, we believe that the remedies provided for in each respective Act are identical, and that the decision of the workmen's compensation authority in each State is accorded the same treatment accorded a judgment of a court of competent jurisdiction.

Furthermore, in the instant case, Stine himself actively pursued his claim for workmen's compensation benefits under New York law. At the hearing on his application held by the New York Workmen's Compensation Board, Stine was represented by his attorney and contended at such hearing that his injuries were sustained in the course of his employment. Under New York law, it is undisputed that the decision of the New York Workmen's Compensation Board awarding medical, hospitalization, and disability benefits to Stine necessarily determined that the injuries were sustained

in the course of his employment. That decision, in a subsequent suit, if commenced in New York, against a negligent co-employee, is binding on the applicant Stine. We see nothing in our law which would warrant a holding, consistent with the Full Faith and Credit Clause of the United States Constitution, that the decision of the New York Workmen's Compensation Board should be accorded any less status when such suit is commenced in our courts. Conversely, if our statutes did not provide for the same exclusive workmen's compensation remedy provided for by the New York statute, a different conclusion would probably be warranted.

We therefore hold that Stine may not relitigate, in his common-law action against Weiner, the issue of whether his injuries were sustained in the course of his employment. Consequently, we conclude that the trial court committed no error in granting Weiner's motion for summary judgment.

■ Stine, however, argues that even though his injuries were sustained in the course of his employment, Weiner should not be immune from suit. In making such argument, Stine cites two cases: *Herbert v. Layman,* 125 Vt. 481, 218 A.2d 706 (1966); and *Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970). Both cases held that a co-employee was not immune from suit, even if the injured employee had received benefits under the State's compensation statutes.

Neither case, however, supports Stine's contention to this Court that this Court itself should invalidate the exclusive remedy provisions of § 65–01–08, N.D.C.C. In both *Herbert v. Layman, supra,* and *Kilpatrick v. Superior Court, supra,* the statutes did not prohibit suit against a fellow employee when it was the co-employee's negligent act which caused the injury. Consequently, each decision permitted suit

---

3. *Accord, Lovelette v. Braun,* 293 F.Supp. 41 (D.N.D.1968).

against such co-employee because such action was not barred by the statute. In so holding, the Supreme Court of Vermont, in *Herbert v. Layman, supra* 218 A.2d at 709–710, said:

"The defendants strongly urge that to permit recovery here against co-employees will produce undesirable results. There is force in this contention, but as we have often held, such a question of policy is for the legislature and not for this court. . . . If a statute seems unfair or unjust the remedy must be sought in a legislative change or modification. It cannot be furnished by judicial action in the guise of interpretation. *Quinn v. Pate,* 124 Vt. 121, 127, 197 A.2d 795."

Stine's objections to the immunity provisions in § 65–01–08, N.D.C.C., are more appropriately topics of consideration for the Legislature. If there is to be a policy change in the remedies available to an injured co-employee, such topic can be more fully explored by the Legislature fulfilling its policy-making role. We therefore find no merit in Stine's assertion that, notwithstanding the bar contained in § 65–01–08, N.D.C.C., suit against Weiner should be permitted in this case.

The judgment of the district court is therefore affirmed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.