[File No. 5992.]

MYRTLE A. O'LEARY, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(243 N. W. 805.)

458

Opinion filed March 8, 1932. Rehearing denied August 12, 1932.

*Thomas J. Burke,* Assistant Attorney General, for appellant.

*Thomas B. Murphy,* for respondent.

NUESSLE, J. This is an appeal from a judgment of the district court of Ward county, awarding plaintiff a recovery against the defendant Compensation Bureau on account of the death of plaintiff's husband, John P. O'Leary.

O'Leary was the cashier of the Foxholm State Bank. Foxholm was a little town about 18 miles northwest of Minot. O'Leary had been the cashier of the bank for some 16 years prior to November 22, 1929. During the greater part of this time he had lived at Foxholm. His salary as cashier was $166 per month. Early in 1929, O'Leary found it expedient to move his family to Minot and take up his residence there in order to look after some of his own business. However, he continued as cashier of the bank. During the winter and summer months while residing at Minot, he drove to Foxholm only occasionally as the bank's business required him there. During the fall months it was his practice to go there daily. He aimed to return to Minot each evening after his work at Foxholm was concluded so as to have supper at home at six or six-thirty. After he took up his residence at Minot the matter of his compensation from the bank was readjusted. He received his usual salary during the fall months when he was more actively concerned with the bank's affairs. During the winter and summer months he was paid at the rate of $5 per trip to Foxholm on the bank's business. While he lived at Foxholm and thereafter when he lived at Minot, he conducted considerable business that the bank had with its correspondents in Minot. When he lived at Foxholm it was his practice to go to Minot to do this. In November, 1929, he was carrying on some transactions relating to certain of the bank's customers with the Minot Credit Company and the First National Bank of Minot. On the morning of November 22 he conferred with the credit company concerning some of the bank's matters that required attention. It was necessary for him to procure releases of certain mortgages that were involved. He left the office of the company just before noon with the understanding he would return that evening about six o'clock and complete the business then under consideration. He had lunch at home and then apparently started for Foxholm. Sometime that afternoon, the record is silent as to the hour, he met with an accident at a point on the road between Minot and Foxholm about six miles northwest of Minot. The record does not disclose whether

he was traveling to or from Foxholm at the time of the accident. He was so seriously injured that he died the next day, November 23rd. At the time of the accident he had in a wallet on his person the mortgage releases required in the transactions with the credit company, concerning which he had conferred with the company on the morning of the 22nd, and a check signed by himself, drawn on the Foxholm bank, payable to the county treasurer of Ward county for certain taxes due from one of the bank's customers and which were required to be paid in order to complete some business matters in which the bank was interested. The bank had sought to comply with the requirements of the compensation act, article 11a, chapter 5, 1925, Supplement, §§ 396a1–396a18, both inclusive, as amended, so as to give the protection of the act to its employees, and to that end had contributed premiums according to the schedules and pursuant to the notices of the defendant Workmen's Compensation Bureau. The bank had submitted a list of its employees, together with a statement of their employment and the salary paid them. O'Leary was listed. His work was described as that of cashier and the compensation bureau fixed the rate of premium for him as an office employee. The premium thus determined was paid by the bank. Nothing, however, was said as to his place of residence and the bureau did not know at the time of the accident that he had moved to and lived at Minot. After his death his widow, the plaintiff, applied to the defendant compensation bureau for compensation pursuant to the terms of the act. The bureau denied the application on the grounds that the injury which resulted in O'Leary's death was not incurred in the course of his employment, and further, that though it was incurred in the course of his employment, the character of his work had not been truthfully and correctly stated by the bank in its application, and so the premium required to be paid to cover employment such as that in which he was engaged at the time of the accident which resulted in his death had not been paid by the bank, and, therefore, there was no coverage. The plaintiff then brought this action in the district court of Ward county and had a judgment. Thereupon defendant perfected this appeal.

The compensation act must be liberally construed in order to effectuate the purposes of its enactment. Section 396a1, 1925 Supplement; Bordson v. North Dakota Workmen's Comp. Bureau, 49 N. D. 534,

191 N. W. 839. The plaintiff has the burden of establishing that the injury resulting in O'Leary's death, and on account of which compensation is claimed, was incurred in the course of his employment. See Pace v. North Dakota Workmen's Comp. Bureau, 51 N. D. 815, 201 N. W. 348; Dehn v. Kitchen, 54 N. D. 199, 209 N. W. 364; Oberg v. North Dakota Workmen's Bureau, 57 N. D. 189, 220 N. W. 923. But the findings of the trial court are presumed to be correct and will not be disturbed unless clearly opposed to the preponderance of the evidence. Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 667; Dehn v. Kitchen, 54 N. D. 199, 209 N. W. 364, supra. Generally it has been held that injuries incurred by employees while going to or from the place of employment are not compensable as being incurred in the course of employment. Pillen v. Workmen's Comp. Bureau, 60 N. D. 465, 235 N. W. 354; Schneider, Workmen's Comp. Law (2d ed.) § 263; Bradbury, Workmen's Comp. Law (3d ed.) p. 468. The foregoing rules must be borne in mind in considering the record for the purpose of determining the question as to whether the injury resulting in O'Leary's death, and on account of which compensation is claimed, was incurred in the course of his employment.

O'Leary died the day after the accident. He never recovered consciousness. So far as the record discloses, there were no witnesses to the accident. Accordingly, it is impossible to ascertain just what he was doing when it occurred or the purpose which actuated him, except as these things are disclosed by circumstantial evidence. The defendant contends that the accident occurred on the highway between Minot and Foxholm; that it happened either while O'Leary was going to or from Foxholm, the place of his employment; that he was not then engaged in the business of the bank to such an extent that he would have been upon the highway in furtherance of that business had he not lived in Minot—in other words, that he was going to or coming from the place of his employment just as any other employee of the bank would have done. The plaintiff, however, insists that the facts and circumstances as disclosed justify the conclusion reached by the trial court that the reason for O'Leary being upon the highway at the time of the accident was the business of the bank; that he ordinarily transacted the bank's business in Minot; that he was doing this on the morning of the accident; that when he left the office of the credit com-

pany where he had been in behalf of the bank and the bank's customers, he did so with the avowed purpose of going to Foxholm to procure certain releases necessary to complete the transaction then in hand; that he intended to return to the office of the credit company in order to complete the matter, and that accordingly it must be said he was upon the highway because of and for the bank and that the injury resulting from the accident was incurred in the course of the employment; that the fact that he lived in Minot can make no difference.

The North Dakota Compensation Act provides that compensation shall be paid on account of all injuries received by employees within its protection "in the course of" their employment. Section 396a10, 1925 Supplement, as amended. It does not require that the injuries shall arise "out of" the employment as is the case under the provisions of the compensation acts in most other jurisdictions. See Schneider, Workmen's Comp. Law, 2d ed., § 262. The words "in the course of" employment have reference to the time, place, and circumstances of the accident resulting in the injury for which compensation is claimed. Fitzgerald v. W. G. Clarke & Son [1908] 2 K. B. 796, 77 L. J. K. B. 1018, 1 B. W. C. C. 197—C. A. And the holding in England, whence our compensation acts largely came, is that "an accident befalls a man "in the course of" his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time to do that thing." Moore v. Manchester Liners [1910] A. C. 498, — H. L. And this statement has been approved and adopted in many of the American jurisdictions. See Bryant v. Fissell, 84 N. J. L. 72, 86 Atl. 458, 3 N. C. C. A. 585; note in L.R.A.1916A, 232; Schneider, Workmen's Comp. Law, 2d ed. p. 740. The Massachusetts court in McNicol's Case, 215 Mass. 497, L.R.A.1916A, 306, 102 N. E. 697, 4 N. C. C. A. 522, said: "An injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform." Manifestly, "in the course of" the employment is much more comprehensive than "out of" the employment. For other cases marking the distinction between the meaning of the two phrases, see Eugene Dietzen Co. v. Industrial Bd. 279 Ill. 11, 116 N. E. 684, Ann. Cas. 1918B, 764, 14 N. C. C. A. 125; Smith v.

Levis-Zukoski Mercantile Co. 223 Mo. App. 743, 14 S. W. (2d) 470; Gale v. Krug Park Amusement Co. 114 Neb. 432, 208 N. W. 739, 46 A.L.R. 1213; Baker v. State Industrial Commission, 138 Okla. 167, 280 Pac. 603; Marks v. Gray, 251 N. Y. 90, 167 N. E. 181. See also cases cited in Pillen v. Workmen's Comp. Bureau, 60 N. D. 465, 235 N. W. 354, supra.

The trial court found and held that O'Leary was injured in the course of his employment. It seems to us that the record sustains this finding. The fact that O'Leary would have made the trip to Foxholm and back whether or not he had in hand the particular business of the bank with which he was engaged on the day in question, is immaterial. The reasonable inference is that he was then engaged in the business of the bank. Though that business may not have been the sole reason for his being upon the highway when and where the accident occurred, nevertheless he was doing what a man might reasonably do within a time during which he was employed and at a place where he might reasonably be during that time to do that thing. He was carrying on the business of the bank—the duty which he was employed to perform. The test is not whether he would have done what he was doing at the place of the accident when it occurred had he not been performing some act incidental to his employment, but whether he would have been there, doing what he was doing, because of something incidental to his employment even though he had no personal reason for being there. If he would have been there in reasonable furtherance of the bank's business, though he had no personal reason therefor, then his being there was incidental to his employment—he was doing something he was employed to do and the injury was incurred in the course of the employment. That there were concurrent reasons for his being there, one personal, the other pertaining to his employment, is immaterial so only that the one pertaining to his employment was such as to insure his being there regardless of the other. Defendant invokes the test applied in Marks v. Gray, 251 N. Y. 90, 167 N. E. 181, supra, where the court said: "If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. Clawson v. Pierce-Arrow Motor Car Co. 231 N. Y. 273, 131 N. E. 914. If, however, the work has had no part in creating the necessity for travel, if the journey would

have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk." It seems to us that the measure as thus defined is wholly consistent with what we have said above. See also Barragar v. Industrial Commission, 205 Wis. 550, 238 N. W. 368, 78 A.L.R. 679. Considering the whole record, we cannot say that the finding of the trial court that O'Leary was injured in the course of his employment is clearly opposed to the preponderance of the evidence. Accordingly, the finding of the trial court in that regard will not be disturbed.

The appellant, however, insists that it had no knowledge or notice of the fact that O'Leary lived in Minot or that his employment as cashier of the Foxholm Bank required him to travel the highway between Foxholm and Minot; that he was listed as an office employee and the rate of premium was fixed for him as such; that a higher rate would have been fixed had the bureau known that one of his duties was that of traveling upon the highway in carrying on the business of the bank. But it seems to us that in the absence of representations that he would not be required to travel abroad from the bank, the compensation bureau was bound to assume that as the cashier he might be required to depart from his office and go to one place or another on the proper business of the bank. It is a matter of common knowledge, and the bureau was charged with notice of such matters the same as any individual would be, that the duties of the cashier of a little country bank are numerous and varied and that he must frequently go abroad from his office to perform them. So the bureau must be held to have contemplated at the time it fixed the premium rate that O'Leary might on occasion be required to leave the bank's place of business and travel by automobile. The premium as fixed by the bureau was paid by the bank. The coverage thus afforded was for employment such an officer might ordinarily be expected to perform. If the rate as fixed was insufficient, that was the fault of the bureau and not of the bank. Certainly it was not the fault of O'Leary. Accordingly the plaintiff is entitled to compensation on account of the death of her husband.

There being no question as to the amount of the award, the judgment must be and it is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE and BURR, JJ., concur.