[File No. 7325]

RUTH BRUESCH LIPPMANN, formerly Ruth Bruesch, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(55 NW2d 453)

Opinion filed October 30, 1952.   Rehearing denied, Nov. 21, 1952

*E. T. Christianson,* Attorney General, and *Paul M. Sand,* Assistant Attorney General, for appellant.

*McGee & McGee,* for respondent.

CHRISTIANSON, J. This is an appeal from a judgment in a proceeding under the Workmen's Compensation Law. The proceeding was instituted by the claimant to recover compensation pursuant to the provisions of the Workmen's Compensation Law of this state. NDRC 1943, Title 65.

The claimant had been employed as a waitress by the Rex Cafe at Minot. On January 15, 1950, while so employed and while in the active discharge of her duties as such employee she was shot and severely wounded by one Aga, who at the time was sitting at a counter where customers were being served food which they had ordered. Aga had been drinking a cup of coffee, which had been served him by one of the other waitresses. Immediately after firing the shots at the claimant Aga shot and killed himself.

The claimant in the ordinary course of her duties would take orders from patrons at the counter and booths as well as carry dishes to and from the kitchen. The Rex Cafe was located close to the bus depot and within one-half block of the depot of the Great Northern Railway Company. The claimant testified as follows concerning the shooting:

"Q. Can you tell us what you were doing at the time when you were shot?

A. I had just piled up some dishes, cups and saucers had finished stacking them and was going back to the kitchen.

Q. At the time you were shot where were you going?

A. Going back to the kitchen to get more dishes.

Q. To get more dishes to bring out and stack?

A. Yes.

Q. And where were you with reference to Mr. Aga at the time you were shot?

A. Right behind the counter, in front of him."

The Rex Cafe, the employer of the claimant, had duly complied with the provisions of the Workmen's Compensation Law

of North Dakota. NDRC 1943, 65–0105. The claim was dismissed by the Workmen's Compensation Bureau "for the reason that the injury did not happen in the course of the employment or because of her employment." Plaintiff thereupon duly appealed to the District Court from the determination of the Bureau. In the specifications of error in the notice of appeal exception was made to the finding of fact that the injuries sustained by the plaintiff on January 15, 1950, did not happen in the course of employment or because of her employment and it was also specified that the Workmen's Compensation Bureau erred in its conclusion of law that the injuries did not happen in the course of employment or because of her employment.

The procedure and the scope of review on such appeal from a determination of the Workmen's Compensation Bureau is prescribed by NDRC 1943, 28–3219, which, so far as material here, reads as follows:

"The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. . . . After such hearing, the court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with law, or that it is in violation of the constitutional rights of the appellant, or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, or that the rules or procedure of the agency have not afforded the appellant a fair hearing, or that the findings of fact made by the agency are not supported by the evidence, or that the conclusions and decision of the agency are not supported by its findings of fact. If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court." NDRC 1943, 28–3219; Feist v. N. Dak. Workmen's Compensation Bureau, 77 ND 267, 269, 42 NW2d 665, 666.

The trial court after hearing and due consideration rendered its decision reversing the determination of the Workmen's Compensation Bureau. The court found as facts:

"That on or about the 15th day of January, 1950, Ruth Bruesch was working as a waitress in the Rex Cafe in Minot, North Dakota. That while in her employment and while on duty she was shot four times through the limbs and body by one Wayne Aga, following which Wayne Aga committed suicide.

"That at the time of said shooting Ruth Bruesch Lippmann was an employee and actually engaged in her employment.

"That at the time of the shooting the said Ruth Bruesch was working back of the counter in the Rex Cafe and was engaged in carrying crockery from the kitchen to the front of the cafe. That as she passed in front of one Wayne Aga, who was a patron sitting at the counter on a stool drinking a cup of coffee, he shot her with a German Lugar Pistol. At the time of the shooting, she was wearing her apron and had her order books on her person.

"That the claimant, Ruth Bruesch, was shot four times through the body and limbs, by a 38 Caliber Revolver, resulting in wounds in both the right and left arm, and right leg and abdomen, total of fifteen bullet wounds. The ulnar and medial nerves of the right arm having been cut, the left ulna fractured, two holes through the stomach, laceration of the pancreas, and laceration of the liver and gall bladder. The nerves of the right arm are splintered and the fingers are now immovable.

"That at the time of the injury the employer had complied with all the requirements of the North Dakota Workmen's Compensation Act and that the employee was an insured employee under the provisions of said Act. All premiums from said employer to the North Dakota Workmen's Compensation fund having been paid."

From the facts found the court drew conclusions of law that the injury sustained by the claimant was an injury arising in the course of employment; that she was entitled to compensation as provided by the Workmen's Compensation Law and that the order entered by the Workmen's Compensation Bureau should be reversed and compensation awarded to the claimant for the injuries sustained by her. The Workmen's Compensation Bureau has appealed to this Court from the judgment of the

District Court and demanded a review of the entire case in this Court.

In our opinion the determination of the District Court is clearly correct and the judgment appealed from must be affirmed.

The North Dakota Workmen's Compensation Law provides:

"8. 'Injury' shall mean only an injury arising in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor any injury caused by the voluntary intoxication of the employee. Such term, in addition to an injury by accident, shall include: a. Any disease which can be fairly traceable to the employment. . . ." NDRC 1943, 65–0102(8).

It is undisputed that at the time of the injury the claimant was an employee of the Rex Cafe, that she was on the premises where her services were to be performed and was actively engaged in the performance of the work she was employed to perform at the time she sustained the injury; but it is contended by the appellant that it was incumbent upon the claimant to establish that the act of the assailant was directed against her because of her employment, and that the claimant has failed to establish that the assault upon her by Aga was directed against her because of her employment.

In appellant's brief on this appeal it is said:

"The claimant has proved only that the injury was sustained in course of employment; that is, it happened while she was on duty. . . . In the instant case the assailant entered the premises, sought out Ruth Bruesch, (the claimant) and assaulted her with a deadly weapon. From the testimony obtained there is no definite motive or reason for his actions. It remains under such situations the responsibility and burden of the claimant to prove that the assault was sustained because of the employment. . . . *There is no dispute that claimant was on duty in her regular employment—that the injury was sustained on the premises and that the injury was inflicted by the assailant, Aga.*

The burden of proof is upon the claimant. Merely alleging and showing the injury was sustained while in employment is not sufficient." (Italics supplied.)

In American Jurisprudence it is said:

"Under most of the compensation acts, subject to certain exceptions in some, it is essential, in order to impose liability upon an employer for the payment of compensation, that there should be some substantial causal relationship between the employment and the injury or disability, and it is not sufficient to show merely that it occurred while the employee was in the employer's service. The form of expression commonly used in compensation statutes to describe this relationship is, 'arising out of and in the course of the employment,' although there is considerable variance in this respect, some of the acts using the phrase in the disjunctive form, 'arising out of or in the course of the employment,' while others employ only one of the two terms composing the complete expression, or others of similar import. Where the complete expression is used in the conjunctive form, a double condition is imposed, both of which must be satisfied in order to confer a right to compensation. Where the phrase is used in the disjunctive form, the fulfilment of either of the alternative conditions satisfies the statutory requirement in this respect. *Where only one of the terms in question is used, only a single condition, of course, with respect to the relationship between the injury and the employment, is imposed.*" 58 Am Jur, Workmen's Compensation, Sec 209, p 716. (Italics supplied.).

"The words 'arising out of' involve the idea of causal relationship between the employment and the injury, while the term 'in the course of' relates more particularly to the time, place, and circumstances under which the injury occurred. The phrases are therefore not synonymous, and it is held, accordingly, that where both are used conjunctively a double condition has been imposed, both terms of which must be satisfied in order to bring a case within the act." 58 Am Jur, Workmen's Compensation, Sec 210, p 717.

"While the interpretation of the phrase 'arising out of the em-

ployment,' as used in workmen's compensation acts to define the injuries compensable thereunder, has given rise to many questions of considerable difficulty, as to which the decisions are not harmonious, there is general agreement upon the proposition that an injury arises out of an employment when but only when there is a causal connection between such injury and the conditions under which the work is required to be performed; it is not sufficient that the employee is at the place of his employment at the time of the accident and doing his usual work." 58 Am Jur Workmen's Compensation, Sec 211, pp 718–719.

"The phrase 'in the course of the employment,' as used in compensation acts in reference to the relation of the injury to the employment in respect of the time and place of its occurrence, is usually given the common-law meaning thereof, or of the substantially equivalent phrase 'scope of the employment,' as used in the law of master and servant, in the absence of other language requiring that it be given a different meaning. Accordingly, *it may be stated as a very general proposition that an injury occurs 'in the course of' the employment when it takes place within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto, or, as sometimes stated, where he is engaged in the furtherance of the employer's business."* (Italics supplied.) 58 Am Jur, Workmen's Compensation, Sec 212, pp 720–721.

See, also, 1 Schneider Workmen's Compensation Law, 2d ed, Sec 262; 6 Schneider Workmen's Compensation Text, Permanent ed, Sec 1542, p 19 et seq.; Michigan Transit Corp. v. Brown, 56 Fed 2d 200; Carney v. Hellar et al., 155 Kan 674, 127 Pac2d 496; McKinney v. Dorlac et al., 48 N Mex 149, 146 Pac2d 867.

In Novack v. Montgomery Ward and Co., 158 Minn 495, 498, 198 NW 290, 292, the court said:

"The injury is received 'in the course of' the employment when it comes while the employee is doing his work. It may be received 'in the course of the employment' and still have no causal connection with it. State ex rel. D. B. & M. Co. v. District Court,

129 Minn 176, 151 NW 912. 'In the course of' refers to the time, place, and circumstances under which the accident takes place. It may be 'in the course of employment,' and yet the employee may be standing still and not physically moving in his work. Kaletha v. Hall (Minn.) 196 NW 261. He is still included when he does those reasonable things which his contact with his employment expressly or impliedly permits him to do."

In the North Dakota Workmen's Compensation Act the Legislature prescribed only one condition or element that must exist in order to render an injury to an employee compensable under the Act, namely, that the injury must have arisen "in the course of employment." This is the only condition prescribed by the statute and this has been recognized by the decisions of this Court. O'Leary v. N. Dak. Workmen's Compensation Bureau, 62 ND 457, 243 NW 805; Moug v. N. Dak. Workmen's Compensation Bureau, 70 ND 661, 297 NW 129; McKinnon v. N. Dak. Workmen's Compensation Bureau, 71 ND 228, 299 NW 856; Welch v. N. Dak. Workmen's Compensation Bureau, 75 ND 608, 31 NW2d 498.

In O'Leary v. N. Dak. Workmen's Compensation Bureau, supra, this Court said:

"The North Dakota Compensation Act provides that compensation shall be paid on account of all injuries received by employees within its protection 'in the course of' their employment. Section 296a10, 1925 Supplement, as amended. *It does not require that the injuries shall arise 'out of' the employment as is the case under the provisions of the compensation acts in most other jurisdictions.* See Schneider, Workmen's Comp. Law, 2d ed, Sec 262. The words 'in the course of' employment have reference to the time, place, and circumstances of the accident resulting in the injury for which compensation is claimed. (Citation of authority.) And the holding in England, whence our compensation acts largely came, is that 'an accident befalls a man "in the course of" his employment if it occurs while he is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time to do that thing.' (Cita-

tion of authority). And this statement has been approved and adopted in many of the American jurisdictions. (Citation of authority). The Massachusetts court in McNicol's Case, 215 Mass 497, LRA1916A, 306, 102 NE 697, 4 NCCA 522, said: 'An injury is received "in the course of" the employment when it comes while the workman is doing the duty which he is employed to perform.'"

In McKinnon v. N. Dak. Workmen's Compensation Bureau, 71 ND 228, 230, 299 NW 856, 857, this Court said:

"There is a distinction between a physical injury occurring *in the course of employment* and a disease approximately caused *by the employment*. A compensable injury need not arise out of the employment, nor be caused by the employment. However, the injury is compensable if received in the course of employment. But a disease from which a worker dies must be one approximately caused by the employment in order to be compensable."

The undisputed facts in the present case, under the established principles and the above cited authorities, make it clear that the injury sustained by the claimant as a result of the attack made upon her on January 15, 1950, in the Rex Cafe in the City of Minot in this state was "an injury arising in the course of employment." At the time the injury was inflicted the claimant was an employee in the Rex Cafe, she was at the place where her labor was to be performed, she was engaged in the performance of the labor for which she had been employed.

The North Dakota Workmen's Compensation Act, (NDRC 1943, 65–0102(8)), provides that "'injury' shall mean only an injury arising in the course of employment *including an injury caused by the willful act of a third person directed against an employee because of his employment."* Appellant contends that the portion which we have italicized was intended to limit the coverage of the statute. In short, it is appellant's contention that an employee who at the time and place where he is required to perform his work and while actively engaged in the performance of the very work he was employed to perform sustains "an injury caused by the willful act of a third person directed against

him because of his employment" is deprived of the protection of the statute and is not entitled to compensation unless and until he establishes that such willful act of such third person was directed against him because of his employment. In our opinion this contention is unfortunate. We think that this provision evidences an intention to enlarge the operation and coverage of the statute rather than to limit the same. The language of the provision indicates that the legislature intended to extend the coverage of the law and to make certain injuries compensable which might not or would not have been compensable unless it was provided, as the legislature did, that the term "injury" should include "an injury caused by the willful act of a third person directed against the employee because of his employment."

Some compensation statutes contain provisions expressly excluding injuries caused by the willful act of a third person directed against an employee for reasons personal to such employee or because of his employment. 58 Am Jur Workmen's Compensation, p 767. But the North Dakota Workmen's Compensation Law contains no such provision. It does not say that such injuries shall be excluded from the operation of the statute. Neither does it say that an injury to an employee arising in the course of employment "caused by the willful act of a third person directed against an employee" shall be excluded from the operation of the act. But the statute does say that the term "injury" shall include "an injury caused by the willful act of a third person directed against an employee because of his employment."

It is a matter of history that employees may be assaulted and injured because of their employment at some distance from the premises where they work and while they are not actively engaged in the performance of the services which they were employed to perform. This may be so for instance during strikes. Pinkerton Natl. Detective Agency v. Walker, 157 Ga at pp 550–551, 122 SE at p 203, 35 ALR at p 560. Likewise, in other cases an employee may be assaulted, injured and even killed because of his employment while not on the premises where his services are to be performed and while he is not actively engaged in the

performance of such services. Scholl et al. v. Industrial Commission et al. 366 Ill 588, 10 NE2d 360, 112 ALR 1254. We think it was the intention and purpose of the legislature to enlarge and extend the coverage of the statute and to afford compensation to an employee for an injury which such employee might sustain because of his employment even though he was not on the premises where his actual work was to be or was being performed and was not actively engaged in such work, but the injury was inflicted upon him because of his employment; and that the legislature thought it was as desirable and as proper that the industry should carry such off-hour risk as it was that it should carry the working-hour risk.

In Maryland Casualty Co. v. Cardillo, et al., 71 App DC 160, 107 Fed2d 959, the United States Court of Appeals for the District of Columbia had occasion to deal with and construe a provision of the Longshoremen's and Harbor Workers' Compensation Act, United States Statute at Large, Vol 44, pt 2, Public Laws, 69th Congress, Chap 509, p 1424, Sec 2(2) ; 33 USCA, Sec 901 et seq (made applicable in the District of Columbia by DC Code, tit 19, c 2, sections 11, 12, 45 Stat 600), which is quite similar to the provision involved here.

The Longshoremen's and Harbor Workers' Compensation Act reads as follows:

"Sec. 2. When used in this Act—. . . 2. The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment." United States Statute at Large, Vol 44, pt 2, Public Laws, 69th Congress, Chap 509, p 1424, Sec 2(2).

In that case (Maryland Casualty Co. v. Cardillo, et al., supra) an employee of an insurance company who made collections of industrial and other insurance premiums was found lying in a dazed condition by the roadside early one morning. His face was beaten and swollen. He died as the result of his injuries.

The deputy commissioner sustained the claim for compensation in favor of the decedent's widow. The deputy commissioner found, among other things, that the "assault and robbery were directed against him because of the said employment; that the injury and death arose out of and in the course of employment." In the United States Court of Appeals for the District of Columbia the insurer contended that the evidence did not support such findings. In disposing of the contentions advanced in that case the court said:

"The view we take of the case makes it unnecessary to rehearse the evidence on the question whether the injury arose 'out of and in the course of employment,' and we have omitted most of that evidence. We think the evidence which we have recited supports the finding that the assault and robbery were 'directed against' the employee because of his employment; and this is sufficient. . . .

"The term 'injury,' the statute tells us, '. . . includes an injury caused by the willful act of a third person directed against an employee because of his employment.' Grammatically, this final clause of Section 2(2) is unqualified; it is not cumulative with, but independent of, the statement in the first clause that injury 'means accidental injury or death arising out of and in the course of employment.' When the facts come, as they do here, within the final clause, we need not inquire whether the 'willful' injury of the final clause can be regarded as 'accidental.' Similarly, we need not inquire whether it can be regarded as 'arising . . . in the course of employment.' No logical reason appears for distinguishing in this respect between the two parts of the first clause, and importing the later part, though not the earlier, into the final clause. Considerations of policy point in the same direction. If a man's employment exposes him to special risk of attack not only during working hours, but during certain off hours also, it is as socially desirable that the industry carry the off-hour risk as that it carry the working-hour risk. Both alike are hazards of the industry. Moreover, compensation acts 'should be construed liberally in furtherance of the purpose for which they were enacted and, if possible, so as to avoid incongruous or harsh results." 107 Fed2d 961–962.

What was thus said by the Circuit Court of Appeals for the District of Columbia in its opinion in Maryland Casualty Co. v. Cardillo, et al., supra, is applicable here. The claimant's presence at the time and place the injury was inflicted upon her was a necessary part of her employment, and in the prevailing circumstances she was exposed to the attack that took place. She was performing service which she was employed to perform at that time and place. The time when and the place where the happening occurred and the attending circumstances, none of which is disputed, demonstrate to an absolute certainty that the claimant at the time of the injury was acting in the course of her employment and consequently the injury which she sustained did arise in the course of her employment. Giracelli v. Franklin Cleaners and Dyers, 132 NJL 590, 42 Atl2d 3. See, also, Louie v. Bamboo Gardens et al., 67 Ida 469, 185 Pac2d 712.

The judgment appealed from is affirmed.

MORRIS, C. J., and SATHRE, BURKE, and GRIMSON, JJ., concur.