Roger **SCHLENK**, Plaintiff
and Appellant,

v.

**AERIAL CONTRACTORS, INC.**, James L. Nesheim, Jean A. Nesheim, and Cameron Geritz, Defendants and Appellees.

Civ. No. 9452.

Supreme Court of North Dakota.

June 28, 1978.

Tenneson, Serkland, Lundberg & Erickson, Ltd., Fargo, for plaintiff and appellant; argued by Ronald H. McLean, Fargo.

Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, and Kruger, Yuill, Feder & Hovland, Fargo, for defendants and appellees; argued by Duane H. Ilvedson and Eugene A. Kruger, Fargo.

ERICKSTAD, Chief Justice.

This is an appeal by Roger Schlenk, plaintiff and appellant, from a summary judgment entered on the 27th day of October, 1977, by the Cass County District Court which dismissed with prejudice his complaint against Aerial Contractors, Inc., James L. Nesheim, Jean A. Nesheim and Cameron Geritz, defendants and appellees.

The basic issues in this case are whether or not willful or intentional injuries inflicted on an employee by his employer or fellow employees are encompassed by the North Dakota Workmen's Compensation Act and whether or not the employee's acceptance of workmen's compensation benefits in North Dakota bars him from bringing a separate legal action against his employer and fellow employees.

On November 24, 1974, Schlenk was employed as a lineman by Aerial Contractors and was working north of Watford City, North Dakota. On that date he was dismantling telephone lines as part of his duties as an employee of Aerial Contractors. He was working alone and operating a wire winder which was used to guide the dismantled telephone wires onto a spool. His clothing apparently became caught in the wires resulting in serious injuries. The wire being wound came from telephone lines being dismantled. Sometimes there were many wires being wound at the same time. The wires contained splices where two pieces of wire were joined by wrapping them around each other. The ends of the wires were cut, leaving sharp edges capable of cutting flesh or catching clothing.

Aerial Contractors was a contributing employer to the North Dakota Workmen's Compensation Bureau and had secured workmen's compensation coverage for Schlenk. On November 29, 1974, Schlenk filed a standard compensation and medical expense claim with the North Dakota Workmen's Compensation Bureau. The Bureau accepted the claim. Schlenk has been receiving various workmen's compensation benefits since the date of the injury and was still receiving them at the time of oral argument.

On May 2, 1977, Schlenk commenced an action against Aerial Contractors, James and Jean Nesheim, and Geritz (hereinafter defendants), seeking damages for the injuries he suffered on November 24, 1974. (The individual defendants are officers of Aerial Contractors, who are co-employees of Schlenk.) Schlenk's complaint alleges intentional, deliberate and willful injury, strict liability in tort, breach of warranty and negligent design and manufacture of the wire winder. On August 11, 1977, the defendants made a motion for summary judgment. On October 24, 1977, a hearing was held before the Cass County District Court and summary judgment was entered on October 27, 1977, dismissing Schlenk's complaint with prejudice. It is from that summary judgment that Schlenk appeals to this court.

Schlenk contends that the wire winder was hazardous. He asserts that to operate it one had to guide the wire onto the spool with his hands. He also contends that the defendants were aware of this dangerous condition but did nothing to alleviate the danger. Instead, they required him to operate the wire winder by himself. These acts of the defendants, he asserts, caused his injuries and were deliberate, intentional and willful acts, thereby outside the scope of the North Dakota Workmen's Compensation Act. The defendants contend that they did not intentionally or willfully injure Schlenk, but that his injuries were the result of an accident covered by the North Dakota Workmen's Compensation Act. Furthermore, they contend that even if their acts could be construed as intentional or willful, there is no exception in the North Dakota Workmen's Compensation

Act for intentional or willful injuries inflicted on an employee by his employer or fellow employees.

■ The first issue before us, then, is whether or not willful or intentional injuries inflicted on an employee by his employer or fellow employees are encompassed by the North Dakota Workmen's Compensation Act, Title 65, North Dakota Century Code.

As the injury and acceptance of the claim by the Bureau occurred in 1974 in this case, the provisions of the Workmen's Compensation Act in effect in 1974 are applicable. This conclusion is mandated by Section 1–02–10, N.D.C.C., which provides:

> "No part of this code is retroactive unless it is expressly declared to be so." § 1–02–10, N.D.C.C.

In *Hospital Services v. Brooks,* 229 N.W.2d 69 (N.D.1975), we said:

> "To uphold Brooks' contention we would have to give retrospective effect to the amendment in 1971 of Section 25–09–04, N.D.C.C. Giving retrospective effect to this section would contravene a statute and decisions of this State.
>
> "Section 1–02–10, N.D.C.C., provides that 'no part of this code is retroactive unless it is expressly declared to be so.'
>
> "In *Monson v. Nelson,* 145 N.W.2d 892, 897 (N.D.1966), we said:
>
> > 'The general rule of statutory construction that an act of the legislature is presumed to be prospective unless the legislature clearly manifests a contrary intention is well established in this state by case law and statute. See *Gimble v. Montana-Dakota Utilities Co.,* 77 N.D. 581, 44 N.W.2d 198, and cases cited.'" 229 N.W.2d at 71.

In *Heddon v. North Dakota Workmen's Comp. Bureau,* 189 N.W.2d 634 (N.D.1971), a person was injured in 1961 while in the course of employment. She received workmen's compensation benefits including nursing home costs plus the compensation award for permanent disability. The Bu-

reau in 1965 decided to reduce the benefits payable to her. She appealed to the district court which reversed the decision of the Bureau. The Bureau appealed to this court from that decision and claimed that a 1969 amendment by the Legislature allowed the reduction in benefits. We held that such retroactive application of the statutes was not permissible.

It is clear, therefore, in this case that the provisions of the Workmen's Compensation Act in effect in 1974 are the provisions to be applied in this case. This determination of what provisions are to apply in this appeal is important in that Schlenk asserts that the exception for willful and intentional injuries is set out in Section 65–01–02(8), N.D.C.C. That section was amended by the 1977 Legislature, but for the reasons stated above, that amendment is not applicable to this case.

■ The relevant part of Section 65–01–02(8), N.D.C.C., which is applicable in this appeal reads:

> "Whenever used in this title:
>
> *    *    *    *    *    *
>
> 8. 'Injury' shall mean only an injury arising in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor any injury received because of the use of narcotics or intoxicants while in the course of the employment. . . ."

Schlenk asserts that the language of the section which provides for the exception is that which reads: "but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another".[1] This language he contends excludes willful injuries inflicted on an employee by a fellow employee.

---

1. Schlenk quoted from the 1977 amendment to Section 65–01–02(8), N.D.C.C., but the language he relies on is the same in the applicable provision in effect in 1974.

The defendants, however, contend that the language of the section relied on by Schlenk does not provide an exception for willful or intentional injuries inflicted on an employee by this fellow employees. Instead, they construe that part of the section to exclude from coverage an employee's injuries which were caused by the injured employee's willful intention to injure himself or another.

We agree with the defendants' contention that the language of the section which reads: "but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor any injury received because of the use of narcotics or intoxicants while in the course of employment" does not provide an exception to the coverage of the Workmen's Compensation Act for willful or intentional injuries inflicted on an employee by his employer or fellow employees. It only excludes from coverage an employee's injuries which were caused by the injured employee's willful intention to injure himself or to injure another, or that were received because of his use of narcotics or intoxicants while in the course of employment. Such a construction of the language of Section 65–01–02(8), N.D.C.C., is in accord with the language of Section 65–01–11, N.D.C.C., which reads:

"If the bureau or an employer shall claim that an employee is not entitled to the benefits of the North Dakota workmen's compensation law by reason of the fact *that his injury was caused by the employee's willful intention to injure himself, or to injure another,* or by reason of the voluntary intoxication of the employee, the burden of proving such exemption or forfeiture shall be upon the bureau or upon the person alleging the same. . . . " (Emphasis added.)

In *Lippmann v. North Dakota Workmen's Comp. Bureau,* 79 N.D. 248, 55 N.W.2d 453 (N.D.1952), in construing Section 65–01–02(8), N.D.C.C.,[2] this court said:

"In the North Dakota Workmen's Compensation Act the Legislature prescribed only one condition or element that must exist in order to render an injury to an employee compensable under the Act, namely, that the injury must have arisen 'in the course of employment'. This is the only condition prescribed by the statute and this has been recognized by the decisions of this Court. *O'Leary v. North Dak. Workmen's Compensation Bureau,* 62 N.D. 457, 243 N.W. 805; *Moug v. North Dak. Workmen's Compensation Bureau,* 70 N.D. 656, 661, 297 N.W. 129; *McKinnon v. North Dak. Workmen's Compensation Bureau,* 71 N.D. 228, 299 N.W. 856; *Welch v. North Dak. Workmen's Compensation Bureau,* 75 N.D. 608, 31 N.W.2d 498." 55 N.W.2d at 458–59.

In Syllabus ¶ 1(b) and ¶ 2 of that opinion, the court also said:

"1. The provision of the North Dakota Workmen's Compensation Law, NDRC 1943, 65–0102(8), that ' "injury" shall mean only an injury arising in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another nor any injury caused by the voluntary intoxication of the employee,' is construed and it is *held* for reasons stated in the opinion:

\* \* \* \* \* \*

"(b) that an injury is sustained 'in the course of employment' when the accident occurs and the injury is sustained within the period of the employment at a place where the employee reasonably may be in performance of his duties and while he is fulfilling those duties or is engaged in doing something incidental thereto in the furtherance of the employer's business;

\* \* \* \* \* \*

---

**2.** Section 65–01–02(8), N.D.C.C., in effect in 1952 is identical to the provision in effect in 1974 with the exception of the phrase "nor any injury caused by the voluntary intoxication of the employee" which in 1974 read "nor any injury received because of the use of narcotics or intoxicants while in the course of employment.

"2. Any injury arising in the course of employment, which is not caused by the employee's willful intention to injure himself or to injure another or by the voluntary intoxication of the employee, is a compensable injury under the provisions of the North Dakota Workmen's Compensation Law." 55 N.W.2d at 454–55.

We find no language in Section 65–01–02(8), N.D.C.C., or any other provision of the North Dakota Workmen's Compensation Act in effect in 1974 providing an exception for intentional or willful injuries inflicted on an employee by his employer or fellow employees when the injuries are sustained in the course of employment.[3] This is not to say that public policy might not require the finding of an exception where the circumstances involve an actual intent to injure, such as in the case of an intentional assault and battery, or where the negligence is so gross as to be equivalent to an actual intent to injure. This case does not come within either of those possible exceptions.

█ As there is no exception in the applicable provisions of the Workmen's Compensation Act for willful and intentional injuries inflicted on an employee by his employer or fellow employees, and as public policy does not dictate an exception under the circumstances of this case, the next issue is whether or not that part of Schlenk's common law action based on the allegation that the defendants intentionally and willfully injured him was properly dismissed by the district court.

In this case it is not disputed that the injuries to Schlenk were sustained while he was "in the course of employment". His injuries were sustained within the period of his employment and at a place where he was performing duties of his employment. As Schlenk's injuries were not caused by his willful intention to injure himself or another, or by the use of narcotics or intoxicants, his injury is compensable under the North Dakota Workmen's Compensation Act in effect in 1974. This court has consistently construed the provisions of the Workmen's Compensation Act to be the employee's exclusive remedy against his employer or fellow employees for injuries covered by the Act.

In *Boettner v. Twin City Construction Co.*, 214 N.W.2d 635 (N.D.1974), we said:

"Section 65–01–08 is very clear and explicit. It provides that when an employer has secured the payment of compensation to *his* employees by contributing premiums to the Fund, the employee has no right of action against *such contributing employer* or against any agent, servant, or other *employee of such employer* for damages.

"We hold that Section 65–01–08 grants immunity from suit, if the conditions prescribed therein are met, only to the employer and fellow employees of the employee who was injured, and to no one else—not to other 'employers,' whether general contractors, independent contractors, or other subcontractors, or the employees of any of them. See *State v. E. W. Wylie Co.*, 79 N.D. 471, 58 N.W.2d 76 (1953)." 214 N.W.2d at 640.

*See also Stine v. Weiner*, 238 N.W.2d 918, 925 (N.D.1976); *Lacy v. Grinsteinner*, 190 N.W.2d 11 (N.D.1971). Therefore, that part of Schlenk's common law action based on the allegations that defendants intentionally and willfully injured him was properly dismissed by the district court in its summary judgment.

█ We think it important to point out that even if we had construed the Workmen's Compensation Act in effect in 1974 to exclude intentional or willful injuries inflicted on an employee by his employer or fellow employees, we would still reach the same result (affirming the dismissal of the

---

**3.** It should be noted that the language of the 1977 amendment to Section 65–01–02(8) is significantly different from the provision in effect in 1974. The first phrase of that provision was amended to read:

"8. 'Injury' shall mean an injury *by accident arising out of and in the course of employment* . . . ." (Emphasis added.)

part of the complaint alleging intentional and willful injuries) on three other grounds.

The first ground which would bar the common law action is that the injury in this case did not result from an actual intent to injure.

In "The Law of Workmen's Compensation", Vol. 2A, § 68.13 (1976), Larson discusses intentional injury by employers and common law actions against them.

"§ 68.13 Necessity for actual intent to injure

"Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury. . . .

"Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." Larson, The Law of Workmen's Compensation, Vol. 2A, § 68.13 (1976).

We agree with Larson that an actual intent to injure would be necessary to rob the injury of the accidental character and thus have the injury fall within an exception for intentional or willful injuries. We believe that the conduct attributed to the defendants in this case is of an accidental nature as distinguished from an intentional nature and thus would be encompassed by the Workmen's Compensation Act even if there were an exception for intentional injuries. *See also Provo v. Bunker Hill Co.*, 393 F.Supp. 778, 785 (D.Idaho 1975).

The second ground which would bar the common law action by Schlenk even if intentional or willful injuries were excluded from the coverage of the Act, is encompassed in Section 65–05–03, N.D.C.C., which provides that "[T]he bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65–10, shall be final and shall be entitled to the same faith and credit as a judgment of a court of record."

In *Stine v. Weiner, supra,* we applied that section and the full faith and credit clause of the United States Constitution to uphold a summary judgment dismissing Stine's common law action against Weiner. Stine had received workmen's compensation benefits from the New York Workmen's Compensation Bureau for an injury which occurred in a car accident in North Dakota. We held that the determination by the New York Workmen's Compensation Bureau that the injury occurred in the course of employment barred Stine's attempt to relitigate that issue in North Dakota. The same reasoning bars Schlenk from collaterally attacking the decision of the Bureau which determined that the injury was compensable under the North Dakota Workmen's Compensation Act. *See also Lovelette v. Braun*, 293 F.Supp. 41 (D.N.D.1968).

The third ground which would bar the common law action even if there were an exception for willful or intentional injury is that Schlenk elected to pursue his workmen's compensation remedy. In the majority of jurisdictions which allow a common law action against an employer or fellow employees for intentional injuries, the injured employee must elect either to come under the Workmen's Compensation Act or pursue his common law remedies. Once the employee has received workmen's compensation benefits, he is generally precluded from pursuing his common law action unless the statutes specifically allow him to pursue both actions. *See Seltzer v. Isaacson*, 147 N.J.Super. 308, 314, 371 A.2d 304, 308 (1977); *Provo v. Bunker Hill Co., supra* at 784; *Legault v. Brown*, 283 App.Div. 303,

305–06, 127 N.Y.S.2d 601, 604 (1954); *Heskett v. Fisher Laundry & Cleaners Co.*, 217 Ark. 350, 354–55, 230 S.W.2d 28 (1950); and *Boek v. Wong Hing*, 180 Minn. 470, 471–72, 231 N.W. 233, 234 (1930).

■ Schlenk asserts that the election to pursue the workmen's compensation benefits does not preclude a later common law action for intentional injuries inflicted on an employee by his employer or fellow employees. In support of this position, he cites *Weis v. Allen*, 147 Or. 670, 35 P.2d 478 (1934), and *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933). However, both of those cases dealt with a statute which specifically allowed both actions. The statute involved in *Weis* (which is almost identical to the statute applicable in *Collins*[4]) was Section 49–1828, Oregon Code 1930, which provided:

"If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman * * * shall have the privilege to take, under this act, and also have cause for, action against the employer, as if this act had not been passed, for damages over the amount payable hereunder."

In *Weis* the court stated:

"In Oregon, however, an employer subject to the Workmen's Compensation Act is given more consideration than in most other states, in that the amount of damages which can be recovered against him is reduced by the amount which the injured workman is entitled to receive under the act. Were it not for the special provision of our Code, the employee probably would have to elect whether to pursue his remedy under the Workmen's Compensation Act or sue at common law." 147 Or. at 683, 35 P.2d at 483.

Schlenk contends that Section 65–01–09, N.D.C.C., has the same effect as Section 49–1828 of the Oregon Code in that it allows an employee to receive benefits under the Workmen's Compensation Act and also sue his employer or fellow employee at com-

mon law for intentional or willful injuries. We believe that Section 65–01–09, N.D.C.C., is distinguishable from Section 49–1828 of the Oregon Code. Section 65–01–09, N.D.C.C., reads:

"When an injury or death for which compensation is payable under provisions of this title shall have been sustained under circumstances *creating in some person other than the fund a legal liability* to pay damages in respect thereto, the injured employee, or his dependents may claim compensation under this title and proceed at law to recover damages against such other person. . . ." (Emphasis added.)

The statute then goes on to set up a subrogation system. The emphasized language is the crucial language. As Section 65–01–08 and Section 65–05–06, N.D.C.C., exclude employers of the injured employee and his fellow employees from legal liability, Section 65–01–09 does not apply to them. Section 65–01–09, N.D.C.C., only provides that the injured employee can receive benefits under the Workmen's Compensation Act and bring a common law action against a third party, *i. e.,* someone other than his employer and fellow employees.

■ Schlenk, in this appeal, in addition to asserting that the defendants intentionally and willfully injured him and thereby were liable to him in a common law cause of action, also asserted that the defendants were liable to him in a common law cause of action on a "dual capacity" theory.

The United States District Court of Idaho in *Provo v. Bunker Hill Co., supra* at 786–87, described the dual capacity theory in the following manner:

"The dual capacity theory is such that when an employer acts in a capacity other than as an employer, he incurs responsibilities separately from those imposed upon him for his employer status. Dual capacity liability is premised on the fact that an employer, by placing himself in two capacities, has incurred two different sets of legal obligations."

4. Section 23–4–2, West Virginia Code.

Professor Larson states that "[T]he decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer." Larson, The Law of Workmen's Compensation, Vol. 2A § 72.80 (1976).

Schlenk asserts that the defendants manufactured the wire winder used by him when he was injured and that the defendants, therefore, owed different obligations to him than those of an employer. He asserts these other obligations owed to him by the defendants, as the manufacturers, prevent his action from being barred by the receipt of workmen's compensation benefits.

The defendants assert that there are no cases adopting the dual capacity theory in North Dakota and they attempt to distinguish the facts in this case from the cases in other jurisdictions cited by Schlenk in support of the dual capacity theory.

We find it unnecessary to determine whether the facts before the district court at the time the summary judgment was ordered would be sufficient to support a second obligation of the defendants to Schlenk under the dual capacity theory. In this case, the injury to Schlenk was compensable by the North Dakota Workmen's Compensation Act and, as we stated earlier, the Act is an employee's exclusive remedy against his employer or fellow employees. The North Dakota Workmen's Compensation Act does not permit the application of the dual capacity theory. *See Provo v. Bunker Hill Co., supra* at 786. Therefore, the district court was also correct in dismissing the remainder of Schlenk's complaint against the defendants dealing with warranties and products liability.

The summary judgment of the district court dismissing Schlenk's complaint, is therefore affirmed.

VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.