**Michael HULNE, as Special Administrator for the Estate of Jerry Dennis Johnson, deceased, Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, United Truck and Body Company, and Raymond Larson, Defendants.**

Civ. No. A3–80–62.

United States District Court,
D. North Dakota,
Southeastern Division.

Sept. 8, 1980.

James D. Cahill, Cahill, Gunhus, Grinnell, Jeffries, Klinger, Vinje & Swenson, for plaintiff; Kathleen Weir, Moorhead, Minn., of counsel.

Harry J. Pearce, Pearce, Anderson & Durick, Bismarck, N. D., for Intern. Harv.

Mart R. Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for United Truck & Body.

Wayne G. Aarestad, West Fargo, N. D., for Raymond Larson.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

The above entitled action arises from an incident wherein Jerry Dennis Johnson was killed when the tractor truck and trailer he was driving left the road and rolled over. This is the third case that has been filed in connection with the death of the decedent. *See Johnson v. International Harvester Co.,* 487 F.Supp. 1176 (D.N.D.1980). Both of the prior two actions were for wrongful death brought by Jean Johnson as surviving spouse of the decedent against International Harvester and United Truck and Body, alleging that the defendants were negligent or strictly liable for modifying the vehicle which the decedent was driving. Both actions were initiated in state court and removed to this court on diversity grounds. The present action was also initiated in state court, and removed to this court on grounds of diversity of citizenship. The damages claimed in the present suit are different than in the first two suits in that other than funeral and medical expenses, which are also claimed in the wrongful death actions, it seeks no damages for pecuniary loss to the survivors. Rather it claims damages for pain and suffering of the dece-

dent following the incident. Like the first two suits, there is also a request for punitive damages. Therefore, as contrasted to a wrongful death action, this appears to be a survival action authorized by N.D.Cent. Code § 28–01–26.1. *See* W. Prosser, Law of Torts § 127 at 906 (4th ed. 1971).

Presently before the court are plaintiff's motion for an order denying the petition for removal, which the court will treat as a motion to remand and defendant Larson's motion for summary judgment.[1] Both motions are interconnected and will be disposed of at this time.

Plaintiff Hulne is a resident of North Dakota. Both International Harvester and United Truck and Body are foreign corporations. Raymond Larson is also a North Dakota resident, and on this ground plaintiff contends there is no diversity for subject matter jurisdiction.

Defendant Larson is the president and principal stockholder of Mid–State Oil Co., decedent's employer at the time of the incident. Plaintiff alleges that defendant Larson was negligent and careless in ordering the modification of the truck. Defendants claim that an action against Larson is barred by the workmen's compensation statute and that the joinder of Larson is a device to defeat federal jurisdiction.

"[I]n removal proceedings a federal court will examine the complaint for the purpose of eliminating all resident defendants whose joinder is obviously without any justification and constitutes a mere device to defeat the jurisdiction of the federal court." *Bolstad v. Central Surety & Insurance Corporation*, 168 F.2d 927, 930 (8th Cir. 1948). Whether the case was properly removed is determined according to the plaintiff's complaint at the time of the removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939). Upon specific allegations of a fraudulent joinder, however, the court may look beyond the pleadings and consider the entire record,

and determine the basis of joinder by any available means. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1974); *Morris v. E. I. DuPont De Nemours & Co.*, 68 F.2d 788, 791 (8th Cir. 1934). The issue must be capable of summary determination and be proven with complete certainty. *Dodd, supra.*

"If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Tedder v. F. M. C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). *See Miami Pipe Line Co. v. Panhandle Eastern Pipe Line Co.*, 384 F.2d 21, 27 (10th Cir. 1967); *Morris v. E. I. DuPont De Nemours & Co., supra* at 792; *Hughes Const. Co., Inc. v. Rheem Mfg. Co.*, 487 F.Supp. 345, 348 (N.D.Miss.1980); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979); *Town of Freedom, Okl. v. Muskogee Bridge Co., Inc.*, 466 F.Supp. 75, 78, (D.Okla.1978); *Dailey v. Elicker*, 447 F.Supp. 436, 438 (D.Colo.1978).[2]

If plaintiff is in fact barred from suing Larson by reason of the workmen's compensation law, federal diversity jurisdiction in this case will exist. *Tedder, supra.*

It is uncontroverted that Mid–State Oil Co. provides workmen's compensation coverage for its employees and did so at the time the decedent was killed. It is further uncontroverted that the decedent's widow has claimed and received benefits from the North Dakota Workmen's Compensation Bureau due her as a result of her husband's death.

North Dakota workmen's compensation statute provides as follows:

Where a local or out of state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, *or the representatives or beneficiaries of either,*

---

1. The summary judgment motion was originally filed in state court, but was withdrawn and filed in this court.

2. "Fraudulent joinder" is merely a term of art; it does not reflect on the integrity of plaintiff or counsel. *Lewis v. Time, Inc., supra* at 460.

shall have no right of action against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation.

N.D.Cent.Code § 65–01–08 (emphasis added). Mid–State's status as a contributing employer and decedent's status as an employee is established by the Bureau's award to the spouse. *Paur v. Crookston Marine, Inc.,* 83 F.R.D. 466, 473 (D.N.D.1979); *Lovelette v. Braun,* 293 F.Supp. 41, 44 (D.N.D. 1968); N.D.Cent.Code § 65–05–06.

■ It is well established that the remedy provided by this section is exclusive, and that any common law action against an employer or co–employee is barred. *Latendresse v. Preskey,* 290 N.W.2d 267, 269 (N.D.1980); *Schlenk v. Aerial Contractors, Inc.,* 268 N.W.2d 466, 471 (N.D.1978); *Stine v. Weiner,* 238 N.W.2d 918, 925 (N.D.1976). Plaintiff does not dispute this precedent, but contends that there is a possible exception to the bar of civil suits in situations in which the alleged negligence is so gross as to be equivalent to an actual intent to injure. Plaintiff asserts that defendant Larson's conduct could be so characterized.

■ Section 65–01–02(8) of the North Dakota Century Code provides in pertinent part as follows:

"Injury" shall mean an injury *by accident arising out of and in the course of employment* including an injury caused by the willful act of a third person directed against an employee because of his employment, but such term shall not include an injury caused by the employee's willful intention to injure himself or to injure another, nor any injury received because of the use of narcotics or intoxicants while in the course of the employment.

. . .

(Emphasis added). In *Schlenk v. Aerial Contractors, Inc., supra,* the court examined the 1974 version of this provision, which made no reference to "accident", and held that there was no exception in the statute for willful and intentional injuries inflicted on an employee by his employer or fellow

employees. 268 N.W.2d at 471. Plaintiff relies on the following language from the decision to support his position:

This is not to say that public policy might not require the finding of an exception where the circumstances involve an actual intent to injure, such as in the case of an intentional assault and battery, or where the negligence is so gross as to be equivalent to an actual intent to injure.

*Id.* The court noted that the above quoted amended statute which added the emphasized "accident" language is "significantly different" than the 1974 provision. *Id.* at 471 n. 3. Whether the new statute provides an exception for intentional and willful injuries need not be decided at this time, since the *Schlenk* court addressed additional grounds which support the dismissal of the action against Larson, assuming *arguendo* that such a statutory exception exists.

In the instant case, plaintiff does not seriously allege that defendant Larson manifested an actual intent to kill or injure the decedent. Rather he claims that Larson ordered the truck frame modified, knowingly creating a danger for the decedent, and that these actions were so gross as to be equivalent to an actual intent to injure. These allegations, short of a claim of intentional wrongdoing, are similar to the allegations in *Schlenk, supra.* In quoting Larson, The Law of Workmen's Compensation, Vol. 2A, § 68.13 (1976), the court stated as follows:

"Since the legal justification for the common–law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.

"Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an

extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character."

*Schlenk, supra* at 472. Even under the most liberal reading of plaintiff's complaint, it falls short of alleging "an actual intent to injure" which would be necessary to have the injury fall within an exception for intentional or willful injuries. *Id.*

▋ Furthermore, the decedent's spouse elected to pursue her workmen's compensation remedy and in fact received benefits. Once the employee or his beneficiaries have received workmen's compensation benefits, they are precluded from pursuing a common law action, even for intentionally inflicted injuries. *Id.* at 472. It is immaterial that the pain and suffering injuries sought in this action are not compensable under the act.

> The payment of compensation or other benefits by the bureau to an injured employee, or to his dependents in case death has ensued, shall be in lieu of any and all rights of action *whatsoever* against the employer of the injured or deceased employee.

N.D.Cent.Code § 65–05–06 (emphasis added). The decedent in this case simultaneously sustained other injuries which were compensable and for which his beneficiaries did in fact receive compensation. In such a case, the plaintiff is not entitled to bring a tort suit against his employer for the non-compensable injuries. *Compare Frank v. Anderson Bros.,* 236 Minn. 81, 51 N.W.2d 805, 807 (1952) *with Moore v. Federal Department Stores, Inc.,* 33 Mich.App. 556, 190 N.W.2d 262, 264 (1971).

▋ Additional support for the dismissal of the case against Larson is. the fact that plaintiff cannot collaterally attack the decision of the Bureau which determined that the decedent's injuries were compensable under the act. *Schlenk, supra* at 472.

▋ On the basis of the reasoning in *Schlenk,* it is clear under the law of North Dakota that the Workmen's Compensation Act bars plaintiff's action against defendant Larson. Nor are there any factors in this case not found in *Schlenk* which would warrant plaintiff to reasonably expect the application of a "public policy" exception.

Plaintiff alternatively asserts that this case should remain in state court since there is a possibility that the North Dakota Supreme Court would hold the Workmen's Compensation Act unconstitutional insofar that it bars civil suits against co–employees.

Section 22 of the North Dakota Constitution provides in pertinent part as follows:

> All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. . . .

▋ The decedent's estate, through decedent's spouse, received an award from the Bureau and thus took advantage of the provisions of the workmen's compensation law. Now, the decedent's estate, through its special administrator, seeks to have the statute held unconstitutional. Generally, a party who takes advantage of the provisions of a law cannot question its constitutionality. *International Printing Pressman & Assist. U. v. Meier,* 115 N.W.2d 18, 20 (N.D.1962). Accordingly, when the North Dakota Supreme Court had an opportunity to address this precise constitutional issue, it declined to do so because the plaintiff had applied for, obtained, and accepted compensation from the Bureau pursuant to the terms of the act plaintiff then challenged as unconstitutional. *Ethen v. North Dakota Workmen's Compensation Bureau,* 62 N.D. 394, 244 N.W. 32, 35–36 (1932). Likewise, in the instant action plaintiff would not be allowed to challenge the constitutionality of the statute.

▋ There is to a certainty no arguably reasonable basis for predicting that North Dakota law might impose liability on Larson under the facts alleged. Therefore, his joinder in the case will not defeat removal jurisdiction. *Tedder v. F. M. C. Corp., supra.* Accordingly, defendant Larson is also entitled to summary judgment. *Id.*

854

IT IS ORDERED that plaintiff's motion to remand is denied.

IT IS FURTHER ORDERED that defendant Larson's motion for summary judgment is granted and that judgment be entered dismissing plaintiff's complaint and cause of action against defendant Larson.